UTICA,
July; 1836.

Stryker
v.
Bergen.

---

## STRYKER vs. BERGEN.

On a *certiorari* to the *municipal court of Brooklyn*, this court, being required to proceed and give judgment according as the very right of the case may appear, will look into the evidence to see whether there is any foundation for the judgment; but where there is evidence on both sides, a judgment will not be reversed, although upon reviewing it this court come to a different conclusion from that arrived at by the finding, upon which the judgment was rendered.

*It seems* that the same rule should govern in a *certiorari* to the *marine court* of the city of New-York.    In both these cases the rule being different from that which prevails in this court, on writs of error to the common pleas, where the action was originally commenced before a justice of the peace.

ERROR from the municipal court of Brooklyn. Bergen sued Stryker, for breach of warranty, in the sale of a horse, the defendant pleaded the general issue, the cause was tried by a jury, and the plaintiff obtained a verdict for $55.    On the trial, evidence was given on both sides, upon the questions whether there was a warranty, and whether the horse was in fact unsound.    No questions of law were raised or decided on the trial, and there is no allegation of any irregularity in

the proceedings.  The point relied on for the reversal of the judgment is substantially that the verdict was against the weight of evidence.

*G. Furman,* for plaintiff in error.

*W. Rockwell & W. A. Greene,* for defendant in error.

*By the Court,* Bronson, J.  The judgment of the *municipal court of Brooklyn,* in cases where the recovery or sum originally demanded exceeds fifty dollars, are reviewed by *certiorari,* " in like manner as is now [1827] allowed in the *marine court,* in the city of New-York." *Laws of* 1827, *p.* 148, §61. The *marine court* was originally called the *justices' court;* and its name was changed in 1819.  2 *R. L.* 381, §105. *Laws of* 1819, *p.* 74, §1.  2 *R. S.* 224, §1.  The mode of reviewing the judgments of the marine court by certiorari is substantially the same as was heretofore prescribed for reviewing the judgments of justices of the peace, under the act for the recovery of debts to the value of twenty-five dollars.  2 *R. L.* 396, §143.  1 *R. L.* 396, §17.  This court is required to proceed and give judgment " according as the very right of the case may appear."

On a writ of error to the common pleas, where the action was originally commenced before a justice of the peace, this court can only review the decision of the common pleas on questions of law.  10 *Wendell,* 411, 422.  Under the act of 1813, for the recovery of debts to the value of $25, a somewhat larger jurisdiction was exercised on certiorari.  The judgments of justices of the peace were not only reversed for excess of jurisdiction, errors in law, and want of conformity to the directions of the statute ; but the evidence in the court below was sometimes examined for the purpose of ascertaining whether there was any just foundation for the judgment which had been rendered.  In *Nicoll* v. *Dunlap,* 2 *Johns. R.* 195, a judgment was reversed which had been recovered before the justice, on a note given for an illegal consideration. It was remarked that where a fact clearly appeared, from the evidence on both sides, and there was no question as to the

credibility of witnesses, the verdict of a jury will not conclude this court. It was also said in that case that the judgment must be reversed, where there was no evidence in favor of the demand. So the evidence will be examined for the purpose of seeing whether it was sufficient to support the declaration. 3 *Johns. R.* 435. Judgment will be reversed, where on the plaintiff's own showing, the demand was illegal. 3 *Caines*, 187. So where the recovery was for a totally different cause of action from that laid in the declaration. 1 *Caines*, 593. So where there was a material defect in the proof, and the evidence was not sufficient to support the action. 3 *Johns. R.* 146. But where some evidence was given in support of the claim, however light, the judgment will not be reversed. 1 *Johns. R.* 505. Nor, where there was evidence on both sides. 12 *Johns. R.* 455. 1 *Cowen*, 251. Where the plaintiff has made out a case on his part which *prima facie* entitled him to recover, this court has not interfered with the verdict in his favor, unless there was some other ground than the fact that the defendant apparently made out a stronger case on his part. On trials in justices' courts, conflicts of evidence and the credibility of witnesses are settled by the jury; and, as a general, if not universal rule, their decision upon such questions is final.

In the case under consideration the plaintiff, on his part, made out a case which would have warranted the jury in finding that the defendant had made an express warranty on the sale, and that the horse was in truth unsound at the time. Upon both of those questions the defendant also gave evidence on his part; and taking that evidence by itself, the jury might very well have found that the defendant only expressed his opinion or belief, instead of warranting the horse; and that the animal was in fact sound at the time. Should it be conceded that the weight of evidence, so far as it can be judged of without knowing the witnesses, or hearing them testify, was in favor of the defendant, still the judgment cannot be reversed, merely because we may arrive at different conclusions from the jury.

                                    Judgment affirmed.