By the Court, Bronson, J,
Independent of the case of Lovett v. Pell, (22 Wendell, 369,) which I feel unwilling to follow as a precedent, the misjoinder of counts in a justice's court will not be a fatal defect after the verdict. Much greater latitude is allowed in pleadings before justices, than in courts of record—especially in cases where the objection is not taken at the proper time.
"What Whitney, the defendant in the court below, said to the justice, respecting the wish of the jury to see him, amounted to little, if any thing, short of an express consent that the justice should go into the jury room, and he ought not now to complain of that act. Taylor v. Betsford, (13 John. R. 487,) is an extreme case, and we ought *63 not to go beyond it. This case is distinguishable from that, and we think the defendant’s objection should not prevail.
The justice read the testimony of Getman, on the request of the jury, as he had it on his minutes. There is no ground for alleging that he intentionally left out a part of it; and the defendant, though present, did not call the attention of the justice to the fact that the evidence, as read, was not complete. .1 think the judgment should not be reversed merely because the justice had taken, and consequently read, an imperfect statement óf the testimony—especially where there is no ground for saying a wrong was intended, and when the defendant did not attempt to correct the mistake at the proper time.
On the merits, there is no reason for saying that the jury erred in finding a verdict for the plaintiff ; but it is a case where there was some evidence to support the verdict, and we cannot, therefore, interfere upon certiorari. The decision of the jury is final. (15 Wendell, 490. 18 id. 141.)
Judgment affirmed.