PHILLIP DE ROCHEBRUNE,

*v.*

JOHN SOUTHEIMER.

Where there is any testimony to sustain the finding on the facts, the
judgment of a Justice's Court will not be set aside on certiorari.

When an action has been tried in a Justice's Court by a jury, and the return
of the Justice upon certiorari, states his own conclusions of facts upon the
evidence, such conclusions are not embraced in the terms of the writ, and are
to be disregarded.

The plaintiff entered into a contract with the defendant,
whereby the defendant agreed to purchase three pipes of
plaintiff, to be of like quality as certain pipes in the possession
of the defendant. The plaintiff procured the pipes and ten-
dered them to the defendant, who refused to accept or pay for

the same. This action was brought before a justice of the peace of Ramsey County, to recover the contract price for the pipes; trial was had before a jury who returned a verdict for the defendant, and judgment was entered. The cause was taken to the District Court for said county by certiorari, and the judgment of the justice was affirmed. The plaintiff removes the cause to this Court by writ of error.

Philip DeRochebrune for Plaintiff in Error.

Gorman & Davis for Defendant in Error.

*By the Court*—McMillan, J. The record in this case discloses no exception to the proceedings, either in the District Court or Justice's Court. The only question which is presented in the case, is the sufficiency of the evidence to sustain the verdict of the jury in the Justice's Court. We entirely concur with the remark of the Judge of the District Court that "the evidence upon which the verdict in this case was based, is extremely weak, but there is nevertheless some testimony tending to show that there was some difference in quality between the pipes in the possession of the defendant, and those tendered by the plaintiff." Where there is any testimony to sustain the finding on the facts, the judgment of the Justice's Court will not be set aside on certiorari. *Stryker vs. Berger*, 15 *Wend.* 492, *and authorities cited.* The justice in his amended return to the writ of certiorari states that "the pipes produced by the plaintiff were similar in quality and sort to those of defendant; that there was some difference in the mouth pieces of all four pipes, but it was only such difference as is peculiar to amber mouth pieces in pipes of similar quality." These are conclusions of fact, to be determined from the evidence, and the cause having been

tried by jury, were within the exclusive jurisdiction of the jury empanneled in the case, and from the verdict and judgment, the presumption is adverse to these conclusions. This portion of the return is not embraced in the terms of the writ, and is therefore to be disregarded. *Lawton vs. Comm's of Cambridge*, 2 *Caine's Rep.*, 181.

The judgment should be affirmed.