## STAPLES v. HAGER.

(Supreme Court, Appellate Division, Third Department. December 15, 1896.)

1. REVIEW ON APPEAL.
   The county court cannot reverse a judgment recovered by plaintiff in justice's court, if there was any evidence to support it.
2. EVIDENCE—SUFFICIENCY.
   Evidence that defendant received bills for goods sold and delivered to him by plaintiff, and paid the same without objection, warrants a finding that the bills were correct.

Appeal from Delaware county court.

Action in justice's court by Stephen Staples against George H. Hager. A judgment for plaintiff was reversed by the county court, and he appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

G. R. Adams, for appellant.
John P. Grant, for respondent.

PUTNAM, J. The plaintiff brought this action in justice's court to recover for three bills of merchandise alleged to have been sold and delivered to the defendant, viz.: July 28, 1892, bill for $19.72; August 25, 1892, bill for $8.65; September 29, 1892, bill for $5.98,— $34.35; and asked to recover $34.35. The sale and delivery of the goods in question were proved on the trial. The defendant claimed that, prior to such sale and delivery, he had purchased other goods of the plaintiff, through one Jackson, his agent, under the agreement that a deduction of 10 per cent. from the purchase price of such goods, and also the freight paid thereon, should be made, and that at the time of the delivery of the goods for which the plaintiff sought to recover there was due, on account of such agreement, a sum in excess of the value of the goods for which a recovery was claimed, on account of overpayments made by the defendant to the plaintiff. The plaintiff recovered $22.45 damages, besides costs, in the justice's court. On appeal the judgment was reversed by the Delaware county court.

The rule "that where, on a trial in a justice's court, there is evidence on both sides, and even where there is only slight evidence in support of the cause of action on which there is a recovery, the county court is not authorized to reverse the judgment, although such court may arrive at a conclusion upon the facts of the case, or the weight of evidence, different from that drawn by the justice," —laid down in Stryker v. Bergen, 15 Wend. 490; Noyes v. Hewitt, 18 Wend. 141; Burnham v. Butler, 31 N. Y. 480,—is well established, and has never been overruled. See Halsey v. Hart, 85 Hun, 46, 32 N. Y. Supp. 665. In this case the sale and delivery of the bills of merchandise on which the plaintiff sought to recover were not disputed. The defendant sought to prove that, on certain prior sales of merchandise, under a contract made between him and plain-

tiff's agent, Jackson, he had made overpayments, and was entitled to be allowed 10 per cent. of the amount of such sales, and that, making such allowances, the plaintiff was indebted to him. The only proof of the alleged agreement with Jackson was the testimony of the defendant himself, and it has been held that the justice was not compelled to believe his testimony. See Halsey v. Hart, supra.

But, if the justice was not authorized to disregard the testimony of the defendant, there were facts shown in the case which, we think, sustained his finding. It was shown that, immediately prior to the sale of the goods set out in the complaint, the plaintiff had sold and delivered to the defendant four bills of goods as follows: February 24, 1892, $5.59; March 25, 1892, $2.88; June 17, 1892, $9.87; July 7, 1892, $5.66,—amounting to $24. It appears that bills for said goods were sent to defendant, and that on August 16, 1892, he gave his check to the plaintiff for the amount thereof. If the defendant's theory on the trial was correct, at the time he gave the check for $24, there was due the plaintiff 10 per cent. less than that sum. The four bills rendered to the defendant, for which he gave his check for $24, were in fact incorrect, according to his theory on the trial, in charging him 10 per cent. over the price agreed upon; and yet he appears to have received the bills rendered to him, and to have paid the same without objection. The justice, from the evidence, was justified in finding that the four bills for goods delivered by the plaintiff to the defendant immediately before the delivery of the goods for which a recovery was sought, and prior bills rendered to the defendant, were thus rendered to the defendant without deducting therefrom the 10 per cent. claimed, and that the defendant made no objection thereto, and hence was authorized to discredit the statement of the defendant. The fact that bills for goods sold and delivered are rendered by a creditor to a debtor, and received and paid without objection, is strong evidence of their correctness.

Again, the plaintiff testified that bills were sent when goods were shipped; that no claim had been made by the defendant for discount and freight for the years 1891 and 1892, when bills were paid, nor until after he (the plaintiff) threatened to sue the defendant. It appears, therefore, that the plaintiff and defendant had been dealing together for a considerable period prior to the delivery of the goods in question. The plaintiff had sold various bills of goods to the defendant, sending statements with each delivery of goods. These statements omitted the credit of 10 per cent. to which the defendant testified he was entitled under the arrangement with Jackson. They were received and paid without objection. Such receipt without objection, and payment, were evidence of their correctness sufficient to sustain the finding of the justice. On the whole evidence in the case, we are of opinion that the determination of the justice was not so manifestly and clearly against the weight of evidence as to justify a reversal of the judgment by the county court.

Judgment of the county court reversed, with costs in this court and in the court below. All concur, except LANDON, J., not sitting.