ROGERS *vs.* ACKERMAN.

The question whether words used by a vendor, upon a sale of horses, in respect to their ages, amount to a warranty, is a question of fact for the jury.

No particular phraseology is necessary to constitute a warranty; but the words used by the vendor should be understood by the parties as an absolute assertion, and not as the expression of an opinion. And it is for the jury to determine how the words were understood and intended by the parties.

Where, on a trial before a justice, there is evidence on both sides, the judgment of the justice cannot be reversed by the county court, although the verdict of the jury was against the weight of evidence. And if, in such a case, the county court reverses the judgment of the justice, its judgment of reversal will be reversed by the supreme court.

Witnesses acquainted with the value of personal property may testify to their opinion of its value. The rule that witnesses must state facts, and not opinions, has no application.

Where the plaintiff, upon a sale of a pair of horses to the defendant, warranted them to be sound and of the ages of 10 and 11 years only, and in an action by the plaintiff to recover the price, the defendant proved that the horses, at the time of the sale, were over 20 years old; *Held* that he might also prove, by witnesses who knew the horses, and who were acquainted with the value of that kind of property, that if the horses had been only 10 or 11 years old at the time of the sale, they would have been worth from $60 to $100 more than they actually were, being 20 years old and upwards.

APPEAL from a judgment of a county court, reversing the judgment of a justice's court. The complaint was on a note of hand for $65, dated Nov. 19, 1852, on which $20 had been paid. The answer set up, by way of recoupment, that the note was given by the defendant to the plaintiff for a pair of horses, which the plaintiff had sold to the defendant and had warranted to be sound, and of the ages of 10 and 11 years and no older, when in fact they were 20 years old at the time. On the trial the defendant proved that the plaintiff, after the sale of the horses, and in the winter of 1854, said that he sold the horses as he bought them—one for *nine years* old and the other for *eleven years* old. The defendant also proved that the horses, at the time of the sale, were over 20 years old, and that the plaintiff, about May, 1851, had said the horses were then 18 and 19 years old; and that if the horses had been only 10 or 11 years old at the time of the sale, they would have been worth

Rogers *v.* Ackerman.

from $60 to $100 more than they actually were, being 20 years old and upwards.   All the witnesses who spoke of the value of the horses, except one, (J. Dunn,) testified that they knew the horses; and it may be inferred from the testimony of Dunn that he was also acquainted with the horses.   The plaintiff objected to the testimony of the witnesses as to the value of the horses, upon the ground that the defendant had not proved the horses were older than they were represented to be, and that the opinions of the witnesses was not proper evidence of the difference in value.   The plaintiff proved that the defendant, in a conversation with a witness, had in the fall of 1852, said that the plaintiff called the horses 16 and 18 years old.   It did not distinctly appear whether the defendant referred to a declaration of the plaintiff made before, at, or after the sale.   The jury rendered a verdict for the defendant, upon which the justice rendered judgment.   The county court reversed the judgment of the justice.

*W. C. Brown*, for the appellant.

*C. G. Myers*, for the respondent.

*By the Court*, PAIGE, J.   The question whether the words used by the plaintiff, at the sale of the horses, as to their ages, amounted to a warranty, was a question of fact for the jury. (10 *Wend.* 411.)   No particular phraseology is necessary to constitute a warranty, but the words used by the vendor should be understood by the parties as an absolute assertion, and not the expression of an opinion.   And it is for the jury to determine how the words were understood and intended by the parties.   (8 *Cowen*, 26, 7.   4 *id.* 442.   20 *John.* 203.)   I think the evidence in this case was sufficient to be submitted to the jury to determine whether the words used by the plaintiff amounted to a warranty, or not; and that their verdict in favor of the defendant was not so unsupported by the evidence as to justify the county court in disturbing it.   The rule seems to be, that where there is evidence on both sides, the judgment

Rogers *v.* Ackerman.

of the justice cannot be reversed by the county court, although the verdict of the jury was against the weight of evidence; and that if, in such case, the county court should reverse the judgment of the justice, its judgment of reversal will be reversed by the supreme court. (21 *Wend.* 305. 18 *id.* 141, 144, 145. 3 *Hill,* 75. 15 *Wend.* 490. 18 *Barb.* 350. 8 *How. Pr. Rep.* 377. 2 *Sand. R.* 222. 12 *Barb.* 387.) The evidence as to the difference between the actual value of the horses, regarding them as over 20 years old, and what their value would have been had they been only 10 and 11 years old, was competent evidence. For the witnesses who testified to such difference in value were acquainted with the horses, and are presumed to have been acquainted with the value of horses. Witnesses acquainted with the value of personal property are allowed to testify to their opinion of its value. (5 *Denio,* 84.) The rule that witnesses must state facts, and not opinions, has no application to such cases. The form of the question to the witnesses who spoke to the difference in value of the horses, was unobjectionable. The objection was that the defendant had not previously proved that the horses were older than they were represented to be, and that the opinion of the witnesses was not proper evidence of the difference in value. This objection was properly overruled by the justice, because the defendant had previously proved that the horses were older than the plaintiff represented them to be; and because their opinion of the difference of value was competent evidence. The question put to the witness in *Lewis* v. *Trickey,* (20 *Barb.* 387,) bears no resemblance to the questions put to the witnesses in this case.

In my opinion the judgment of the county court should be reversed, and that of the justice affirmed.

Judgment accordingly.

[Clinton General Term, May 6, 1856. *C. L. Allen, James, Paige* and *Rosekrans,* Justices.]