WILLIAM BEDELL, Respondent, *v.* DAVID T. KENNEDY,
Appellant.

B., one of two adjoining owners, constructed a party-wall, one-half on
each piece of land, under and in pursuance of a written agreement with
L., the other owner, that the latter, his heirs or assigns, should pay a
moiety of the expense "whenever he or they begin to take, use or
benefit of the same." It was also agreed that the contract should be
"perpetual and at all times be construed into a covenant running with
the land," and that when the occasion of mutual use arose the value of
said wall should "be appraised and determined by two practical masons,
one chosen by each of the parties, and they, if necessary to chose
another, whose decision shall be final." L. subsequently conveyed his
land by deed, in which there was no reference or allusion to the party-
wall agreement  The premises through various mesne conveyances
became the property of defendant; his deed stated that the conveyance
was "subject to' the party-wall agreement, describing it by its date, place
of record and the parties to it. Defendant commenced building upon
his lot, and upon being called on to fulfill the party-wall agreement,
selected an appraiser, who, with one selected by plaintiff, determined the
value of the wall. Defendant claimed that the value was too high, and
offered less than his moiety, which offer was accepted on condition that
it should be paid by a certain date  Defendant failed to pay and this
action was brought to recover one-half of the award. *Held*, that plaintiff
was entitled to recover; that defendant was notified by his deed of the
party-wall agreement, and when called upon to fulfill its terms it was
his duty, if he acted at all upon the subject, to admit or deny its obliga-
tions; that by joining in the arbitration he conceded his liability to pay his
moiety of the amount awarded, and could not, after the award was
made, repudiate such liability.

(Argued March 9, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made October 5, 1885, affirming a judgment in favor of
plaintiff, entered on a verdict and an order denying a motion
for a new trial upon the minutes. (Reported below, 38
Hun, 510.)

The nature of the action and the material facts are sufficiently stated in the opinion.

_Osgood H. Shepard_ for appellant. The alleged appraisement and award being made without notice to defendant is void, without regard to the question of the good faith of the appraiser. (_Peters_ v. _Newkirk_, 6 Cow. 103 ; _Morewood_ v. _Jewett_, 2 Rob.t. 496 ; _Knowlton_ v. _Mickles_, 29 Barb. 455 ; _Elmendorf_ v. _Harris_, 23 Wend. 628 ; _Jordan_ v. _Hyatt_, 3 Barb. 275 ; _Van Cortlandt_ v. _Underhill_, 17 J. R. 405.) A covenant to pay for a party-wall is a mere personal covenant, binding only upon the parties thereto and their personal representatives, and does not run with the land or bind the subsequent grantee. (_Cole_ v. _Hughes_, 54 N. Y. 444 ; _Scott_ v. _McMillan_, 76 id. 141 ; _Lester_ v. _Barron_, 40 Barb. 297 ; _Black_ v. _Isham_, 17 Pick. 543.) Such a stipulation in a deed imposes no personal liability. (_Scott_ v. _McMillan_, 76 N. Y. 141.) There is no difference between a covenant to assume the obligations of a party-wall agreement and one assuming payment of a mortgage. (_Stewart_ v. _Aldrich_, 8 Hun, 243.) All the assigns of the original covenantor, down to Margaret Crawford, not having assumed the covenant to pay for the party-wall, the covenants of assumption are ineffectual and do not inure to the benefit of Boggs and those claiming under him. (_King_ v. _Whiteley_, 10 Paige, 465 ; _Trotter_ v. _Hughes_, 12 N. Y. 74 ; _Garnsey_ v. _Rogers_, 47 id. 233 ; _Vrooman_ v. _Turner_, 69 id. 282.)

_L. M. Knowles_ for respondent. Defendant's acts amounted to a ratification of the acts of his appraiser. (_Benninghoff_ v. _Ag. Ins. Co._, 93 N. Y. 495 ; 1 Parsons on Contracts [5th ed.], 51 ; _Cavrnes_ v. _Bleecker_, 12 Johns. 300 ; _Sheldon H. B. Co._ v _Eickemeyer H. B. Co._, 90 N. Y., 614 ; _Hazard_ v. _Spears_, 4 Keyes, 469 ; _Johnson_ v. _Jones_, 4 Barb. 369 ; _Viana_ v. _Barclay_, 3 Cow. 281 ; _Wage_ v. _Sherman_, 2 N. Y. 417 ; _Boice_ v. _Davenport_, 3 Keyes, 474 ; _S. R. R. Co._ v. _Row_, 24 Wend. 74 ; _Benedict_ v. _Smith_, 10 Paige, 127.) The evidence of

plaintiff's witness, Wellington, was sufficient to support a· finding by the jury of an oral submission and. appraisal as a matter of fact, and it would have been an error not to have submitted the question to the jury. (*Bradley* v. *McLoughlin*, 8 Hun, 545 ; *Meus* v. *Mut. Gas Co.*, 12 Weekly Dig. 238 ; *Schofield* v. *Hernandez*, 47 N. Y. 313.) It was no objection to nor did it impair the validity of such appraisal that the appraisers did not hear the parties, since it was clearly to be inferred from the evidence of the plaintiff, and of the defend-- ant himself, that the appraisers were to act upon their own knowledge and inspection of the premises. (*Wibberly* v. *Matthews*, 91 N. Y. 648.) Since an oral submission, without any provision that the award shall be in writing, will support an oral award, and where a matter is submitted to arbitrators it is not necessary that there should be an express agreement to abide the award, as the law implies such an agreement from the very fact of the submission, the court did not err in refusing to dismiss the complaint on the ground that no· appraisal or award had been shown. ( *Valentine* v. *Valentine*, 2 Barb Ch. 430 ; *Ryder* v. *Dodge*, 14 Weekly Dig. 84.) The submission of the disputed questions to appraisal or arbitration is, in and of itself, a contract binding upon the parties to such submission, and it is not necessary that there should be any express agreement to abide the event of the award, as the law will imply such agreement. (*Stewart* v. *Cass*, 16 Vt. 663 ; *Valentine* v. *Valentine*, 2 Barb. Ch 430 ; 2 Parsons on Contracts [5th ed.], 688 ; *White* v. *Hoyt* 73 N. Y. 514, 515.) Defendant is estopped from now questioning his liability to pay for the one-half of such party wall. ( *Voorhees* v. *Olmstead*, 3 Hun, 744 ; affirmed, 66 N. Y. 113 ; *Viany* v. *Ferran*, 5 Abb. [N. S.] 110 ; *Continental Bank* v. *Bank of Commerce*, 50 N. Y. 577 ; *Stores & Brooks* v. *Baker*, 6 Johns. Ch. 166 ; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483 ; *Finnegan* v. *Carraher*, 47 N. Y. 493.) Having, with full knowledge of all facts, failed to question his liability, but appointed an appraiser and submitted the question to arbitration, defendant thereby waived any legal

·defense that he might have had, and cannot now question the fact of his liability. (*In re Cooper*, 93 N. Y. 507 (511); *Baker* v. *Braham*, 6 Hill, 47; *Stores & Brooks* v. *Baker*, ·6 Johns. Ch. 166.)   A party-wall agreement is a personal contract and is assignable. (*Hart* v. *Lyon*, 90 N. Y. 663; *Coles* ·v. *Hughes*, 54 id. 444; *Scott* v. *Mc Millan*, 76 id. 141.)

FINCH, J.   The party-wall over which this controversy has ·arisen was built originally by Boggs under a written agreement with Lilienthal.   They were adjoining owners, and ·agreed that the former should construct the wall, one-half on the land of each, and that the latter, and his heirs or assigns, ·should pay a moiety of the expense whenever he or they ·should begin to take use or benefit of the same.   It was further agreed that the contract should be " perpetual and at ·all times be construed into a covenant running with the land." It was further stipulated that when the occasion of mutual ·use should arise, " the value of said wall to be appraised and ·determined by two practical masons, one chosen by each of ·the parties, and they, if necessary, to choose another, whose ·decision shall be final."   Under this arrangement Boggs con·structed the party-wall.   Lilienthal thereafter conveyed his lands to Mix, who conveyed to Mrs. Lilienthal, and she later, by a deed, in which her husband joined, conveyed to Oppenheimer & Metzger.   In neither of these ·deeds was there contained any reference or allusion to the party-wall agreement.   Oppenheimer & Metzger conveyed to Margaret Crawford by a deed, which specified that it was " subject to " the party-wall agreement, describing it by its date and place of record and the parties to it.   Mrs. Crawford then conveyed to Mrs. Pupke, subject to the same agreement, the grantee covenanting to perform its terms, which in any manner were binding on the grantor.   By a similar deed, ·containing a similar covenant, Mrs. Pupke conveyed to the defendant.   In November, 1883, Boggs assigned to the plaintiff all his rights under the party-wall agreement.   Before that transfer, and in the summer of 1881, the defendant

began to build upon the lot he had purchased. The plaintiff, who was then the agent of Boggs, sent a note to the defendant calling upon him to fulfill the party-wall agreement, and later had an interview with him, in which the latter selected an appraiser. Boggs also selected one, and a few days after the two met and compared their measurements and figures, and, disagreeing at first, finally awarded $1,290 as the full value of the wall. Within a fortnight the defendant himself called and complained that the figures were too high, and offered $500, which was accepted on condition of its payment by the tenth of the ensuing October. The defendant did not pay and the plaintiff sued to recover one-half of the award. Judgment went in his favor, which was affirmed at the General Term, one member of the court dissenting.

The appellant's counsel concedes in his brief that " persons chosen pursuant to an agreement to act as appraisers are to be considered in the same light and subject to the same rules as arbitrators, and their appraisement has the same force and effect as an award." At least that was its character under the facts of this case. The defendant purchased with notice on the face of his deed that a party-wall agreement existed which was claimed or supposed to be binding on his grantor, and the obligations of which he was required to assume. That agreement was on record, open to his observation, in the line of his chain of title, and we are justified in assuming that he knew its terms, and those of the subsequent conveyances down to his own. He knew also when he went into possession that the party-wall existed as a fact, standing one-half on the adjoining land and one-half upon his own land. Thus cognizant of the situation, he was notified to fulfill the terms of the agreement by joining in the stipulated arbitration. At this point it became his duty to admit or deny the obligation of the party-wall agreement if he acted at all upon the subject. He was at liberty to repudiate any liability and refuse to arbitrate, and leave the other party to his remedy, if any, in the courts. But he was not at liberty both to admit and deny and so mislead his adversary to his injury. What he did was

to concede the obligation and join in the arbitration. The adjoining owner had a right to assume, and did assume, that the only matter in controversy was the amount to be paid depending upon the value of the wall, and so appointed his own arbitrator for that purpose. He was thus led to refrain from prosecuting the defendant in the courts, and to incur the expense of an arbitrator, and consent to that mode and measure of recovery as final and conclusive on both parties. The arbitrators made their award. It was sufficiently definite and certain, for it fixed the value of the wall, one-half of which, under the submission, the defendant was to pay. That award, therefore, bound him. He cannot now go back of it and say that it was an idle and useless ceremony, and leave the other party to regain, if he can, the time lost, and bear the fruitless expenses incurred. Now that he is sued upon the award he cannot be heard to say that he ought not to have made the submission, and did not mean to admit by it his liability for one-half of the wall. He has taken his chances under the arbitration, availing himself of all its possibilities in his favor. After it was made and came to his knowledge he complained only that the figures were too high; not questioning the authority of the appraisers; not objecting that he ought to have been heard before them, which it is evident was never contemplated (*Wiberly* v. *Matthews*, 91 N. Y. 648), but complaining of the amount, and offering to pay a less sum, which, although his offer was accepted conditionally upon a reasonably prompt payment, he now repudiates. We are of the opinion, upon the facts, that the arbitration was binding and the award good. We think its force is not confined to a mere abstract inquiry as to the value of the wall, but that involved in it was a conceded liability to pay the amount so ascertained upon which the arbitration proceeded and the appraisal was founded. It would be quite unreasonable to say, upon the proofs, that the parties contemplated a division of the controversy into two parts, one to be disposed of by arbitration and the other by the courts, and that the one which was totally immaterial until the other was determined

should be tried first. Without considering the nature of the covenant we think the recovery may stand upon the award.

The judgment should be affirmed, with costs

All concur.

Judgment affirmed.