HENRY S. MARSHALL, APPELLANT, *v.* JOHN BOYER, RESPONDENT.

*Right of a defendant to have costs stricken from a judgment — not waived by an appeal from it — permission to move to correct a judgment of the General Term must be obtained from that court.*

Upon an appeal from an order striking from a judgment-roll the costs inserted therein in the plaintiff's favor, it appeared that the action was tried before a referee, who found that there was due to the plaintiff sixty-four dollars and ten cents, and awarded judgment for that sum without costs to either party. The plaintiff's attorney disregarded the direction as to costs, procured costs to be taxed in his favor and inserted the same in the judgment.

The defendant appealed from the judgment to the General Term, where it was affirmed. Thereafter the defendant noticed a motion at Special Term, founded on the pleadings and affidavit, for an order to strike from the judgment so affirmed the provision inserted therein relative to costs.

*Held,* that the plaintiff, by not appealing from the judgment, acquiesced in the ruling of the referee that he was not entitled to costs, and that by inserting in the judgment a provision awarding costs to himself he was guilty of a serious irregularity.

That the defendant did not, by taking an appeal from the judgment so entered to the General Term, waive his right to object to the insertion of the costs in the judgment.

*Pfaudler Co.* v. *Sargent* (43 Hun, 154); *Guckenheimer* v. *Angevine* (16 id., 453) distinguished.

That the defendant, without first obtaining the permission of the General Term to move for an order correcting the judgment rendered by it, so as to make it comply with the decision of the referee, had no right to move at Special Term for a correction of the judgment.

That if the attention of the appellate court had not been called to the mistake or error upon the hearing of the appeal, that court had the power, after the order of affirmance was granted, to relieve the defendant by entertaining a motion made in due time for a reargument or to modify the order of affirmance, and that that right might yet be exercised.

APPEAL from an order, made at the Onondaga Special Term striking from the judgment-roll the costs inserted therein in the plaintiff's favor, which was entered in the office of the clerk of the county of Cayuga on the 20th day of October, 1888.

*E. C. Aiken,* for the appellant.

*H. A. Maynard,* for the respondent.

BARKER, P. J.:

In view of the situation of the case at the time the order was granted, we think it was error for the Special Term to strike from the judgment the provision awarding costs to the plaintiff. The action was tried before a referee, who found due the plaintiff sixty-four dollars and ten cents, and awarded judgment for that sum, without costs to either party. The plaintiff's attorney disregarded the direction as to costs and procured costs to be taxed in his favor, in amount $154, and inserted the same in the judgment, which was filed July 3, 1888. Thereupon and upon the seventeenth day of July, the defendant appealed from the judgment to the General Term, filing an undertaking to pay the judgment if affirmed, and afterward, and on the third of October following, the judgment was affirmed, and on the next day judgment of affirmance was entered in the proper clerk's office. In September the defendant noticed a motion for the sixth day of October, founded on the pleadings and affidavits, for an order to strike from the judgment the provisions inserted therein relative to costs, which was opposed by the plaintiff, who presented an affidavit which stated that the judgment had been affirmed by the General Term. On the trial and on this motion the plaintiff contended that this was an action at law, and that as he recovered more than fifty dollars, he was entitled to costs as matter of right under the provisions of the statute; on the contrary, the defendant insisted it was an equitable action, and the costs were in the discretion of the court.

The plaintiff, by not appealing from the judgment acquiesced in the ruling of the referee that he was not entitled to costs, and by inserting in the judgment a provision awarding costs to himself, he was guilty of a serious irregularity. We think after taking an appeal the defendant might have moved for a correction of the judgment at Special Term at any time before judgment was affirmed. After appeal the cause remained in the same court in which it originated. It is claimed by this appellant that by taking an appeal to the General Term the defendant waived the right to object to the insertion of costs in the judgment-roll, and cites in support of his views *Guckenheimer* v. *Angevine* (16 Hun, 453), *Pfaudler Co.* v. *Sargent* (43 Hun, 154).

On an examination of these cases it will be seen that they hold,

and nothing more, that by appealing from the judgment the appellant waives the right to move for a retaxation of costs for the purpose of striking out some one or more of the items erroneously inserted in the bill. The question now presented is very different and more important than the one determined by the cases cited. Here the grievance complained of is that the judgment, as entered, does not conform to the direction of the court, and is in direct violation of one of the questions determined by the decision. By the rules of practice the Special Term is the proper court in which to move in due time to correct errors of the character of the one presented by these papers. But by another rule of this court, which cannot be disregarded, we think the defendant has lost the right to move for a correction of the judgment without first obtaining permission of this court for leave to move for an order correcting the same so as to make it comply with the decision of the referee. This court has the power, on appeal from a judgment entered on the decision of a Special Term, or the report of a referee, to reverse or affirm, wholly or partly, or to modify the judgment appealed from. (Code Civil Pro., § 1317.) Where this court on appeal affirms a judgment, entered on the decision of a Special Term, or the report of a referee, it is to be presumed that it has examined and disposed of every question disclosed by the record, according to the right of the matter, and that no error has occurred of which the appellant can rightfully complain. Such a judgment is final, so far as this court is concerned, and without its permission no further action can be taken to change, alter or modify the judgment as it was affirmed. Otherwise, a cause would never be at rest, and there would be confusion and inconsistency in the judgments of the courts. (*Gelston* v. *Codwise*, 1 Johns. Ch., 189; 4 Wait's Pr., 243.) By granting the order appealed from, one of the questions considered and determined on the trial is again started, and if this kind of practice should be permitted, there would never be an end to litigation. If the error of which the defendant now complains appear in the record presented to this court on the appeal from the judgment, this court had the undoubted power to correct the same by modifying the judgment so as to conform it to the decision of the referee; or it could have, in the order of affirmance, permitted the defendant to move for correction of the judgment at

Special Term. If for any cause the attention of the court was not called to the error or mistake, it had the power, after the order of affirmance was granted, to relieve the defendant by entertaining a motion, made in due time, for a reargument, or to modify the order of affirmance, and that right may yet be exercised. The effect of the order appealed from was to change and modify the judgment of this court, which the Special Term had no power to do.

Order appealed from is reversed, without costs of this appeal.

Dwight and Childs, JJ., concurred.

Order appealed from reversed, without costs of this appeal.