THOMAS CAMPION, Respondent, v. S. WEBBER PARKER, Appellant.

*What is insufficient to justify the reversal of a judgment.*

It is not sufficient to justify the reversal of a judgment that an appellate court would have decided the questions of fact otherwise than as they were found by the jury upon the trial of the action. The jury is the absolute arbiter of the facts upon contradictory evidence.

APPEAL by the defendant, S. Webber Parker, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 27th day of November, 1893, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of December, 1893, denying the defendant's motion for a new trial made upon the minutes.

*F. W. Leonard* and *Wilson Brown, Jr.*, for the appellant.

*John J. Crennan*, for the respondent.

DYKMAN, J.:

This action was originally commenced in a court of a justice of the peace for work, labor and services performed by the plaintiff for the defendant.

The cause was there tried before a jury and the plaintiff obtained a verdict for $159. Upon appeal to the County Court there was a new trial before the jury and a verdict for $160.

Now the defendant has appealed from the judgment to this court.

All the questions involved are questions of fact, and two juries have found them substantially alike. If the testimony of the plaintiff is taken for the true facts the judgment is supported.

The only persons who could furnish the facts were the plaintiff and the defendant, and the testimony of both went to the jury.

It is not sufficient to justify a reversal that we would have found the facts differently. The jury is ever the absolute arbiter of the facts in cases like this, and the appellate tribunal is powerless.

The judgment and order should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment and order affirmed, with costs.