THE CITY OF BROOKLYN, Appellant, *v.* THE BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY, Respondent.

*Willfulness or negligence — when inferred in the absence of circumstances character-izing the act — running a street car at a forbidden speed — a justice's judgment not reversed because contrary to the weight of evidence.*

Willfulness or negligence in doing an act may, in the absence of collateral cir-cumstances characterizing the act, be inferred from the commission of the act itself.

Where an action is brought against a street railway corporation to recover a pen-alty for the violation by its servants of a city ordinance regulating the speed of electric cars, testimony that the rate of speed prescribed by the ordinance in question was greatly exceeded, will, in the absence of circumstances showing that the car could not have been run within the prescribed speed, warrant a finding that such violation was " willful " or " negligent," and testimony by the motorman and conductor of the car to the effect that they did not know that it was going at a faster rate than that prescribed by the ordinance, at most only raises a question of fact.

A County Court has no power to reverse the judgment of a justice of the peace on the ground that his decision was against the weight of evidence, except where the case contains no evidence in support of the determination of the justice.

APPEAL by the plaintiff, The City of Brooklyn, from a judgment of the County Court of the county of Kings, entered in the office of the clerk of the county of Kings on the 10th day of November, 1896, reversing a judgment rendered by a justice of the peace of the city of Brooklyn.

*William G. Cooke*, for the appellant.

*Almet F. Jenks*, for the respondent.

CULLEN, J.:

This action was brought to recover a penalty for a violation of the following city ordinance: " Section 1. Rate of speed. No street surface railroad car operated by electricity in any of the streets, avenues or public places of the city of Brooklyn, shall be run at a rate of speed to exceed six miles an hour within a radius of one and one-half miles from the city hall, or within a radius of two miles from the Broadway ferries, nor in any other part of the first twenty-eight wards of said city at a rate of speed to exceed eight miles an hour. Penalty. Any corporation whose officers, agents or servants shall willfully or negligently violate any of the provisions of this ordinance shall be liable for a penalty in the sum of twenty-five dollars for each and every offense."

Upon the trial it was proved that two police officers measured a distance of 285 feet along the line of a street. The time occupied by the defendant's car in passing that distance was taken by a stop-watch, and from such observation it was shown that the car was proceeding at the rate of about fourteen miles an hour. The defendant's motorman denied that the car was going at the rate of more than eight miles an hour, and the conductor testified that he did not know that the car was moving at any greater rate. The justice rendered a judgment in favor of the plaintiff. The County Court reversed the judgment on the ground that there was no evi-

dence tending to show that the conduct of the motorman was willful or negligent.

The County Court had no power to reverse the judgment of the justice on the ground that his decision was against the weight of evidence. If there was any evidence to support the justice's determination, the judgment must stand in the absence of legal error committed on the trial. (*Rogers* v. *Ackerman*, 22 Barb. 134; *Ludlum* v. *Couch*, opinion of BRADLEY, J., 10 App. Div. 603.) The learned county judge was undoubtedly correct in his opinion that it was an essential part of the offense that the operation of the car at an excessive speed should be willful or negligent. But the intent or neglect was to be proved by the facts and circumstances attending the act. In fact the very absence of collateral circumstances characterizing the act might prove the intent. In *The People* v. *Conroy* (97 N. Y. 62) the General Term had reversed a conviction for murder in the first degree on the ground that no sufficient proof had been made that the act of the prisoner was committed with deliberation and premeditation, which are essential elements of that crime. On appeal this ruling was reversed, the Court of Appeals, per RUGER, Ch. J., saying: " A sane person, meeting a stranger upon the street, and in the absence of a sudden impulse produced by an observable cause, without words of explanation or warning, immediately drawing a deadly weapon and therewith causing death, unquestionably brings himself within the penalties prescribed for the punishment of the crime of murder in the first degree; " that is to say, that from the absence of incidents showing the act was the result of passion or provocation, the jury could infer the existence, not only of intent, but also of deliberation and premeditation.

In the case before us it appears that the motorman was in control of the car. It does not appear that any accident had occurred to the car which rendered its proper management difficult or impossible. No circumstance is shown from which it appears that the motorman could not have run the car at a speed within the rate prescribed by the ordinance. The testimony of the motorman and conductor, that they did not know the car was going faster than eight miles an hour at the most, only raised a question of fact on which the determination of the justice is conclusive.

The judgment of the County Court should be reversed, and that of the Justice's Court affirmed, with costs.

All concurred.

Judgment of the County Court reversed and the judgment of the Justice's Court affirmed, with costs.