(10 App. Div. 603.)

### LUDLUM v. COUCH.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

CONTRACT OF EMPLOYMENT—EVIDENCE.

   In an action by a nurse against a physician and village health officer for services, it appeared that defendant requested plaintiff to go to the residence of one P., some of whose family had diphtheria, and nurse them. Plaintiff's evidence was that defendant said, when he made the request, that he would see plaintiff paid for her services. Defendant testified that he did not promise to pay her. There was no evidence that he was authorized by P. to employ plaintiff, or that he was P.'s family physician. *Held*, that there was no evidence to support a judgment for defendant.

Appeal from Rockland county court.

Action by Theresa Ludlum against Louis B. Couch to recover for services rendered by plaintiff as a nurse at defendant's request, commenced in justice's court, and taken on appeal by defendant to the county court. From a judgment reversing the judgment of the justice's court, and providing that plaintiff recover $7.15 damages against defendant, the latter appeals. Modified and affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Benjamin Levison, for appellant.
Richard S. Harvey, for respondent.

BRADLEY, J. The plaintiff, who may be deemed to have been a professional nurse, was requested by the defendant to go to the residence of Peter Post, some of the members of whose family were sick with diphtheria, and nurse them. The defendant was a physician and a health officer of the village of Nyack. The evidence on the part of the plaintiff is to the effect that, when he directed the communication of his request to her, he stated that he would see her paid for the service, and that such statement was by the messenger communicated to her with the request. The defendant admits that he sent his request to the plaintiff to go there and "nurse the case"; but he says that he did not promise to pay her for doing it. There is no evidence tending to prove that he was authorized by Mr. Post to employ the plaintiff for him or in his behalf, or that he was the family physician of Post, or had such relation to him. The justice rendered judgment against the plaintiff.

If there was any evidence to support the judgment for the defendant, it was not permissible for the county court to reverse it as

against the weight of evidence, as that court cannot properly review the judgment of a justice upon a disputed question of fact.   Rogers v. Ackerman, 22 Barb. 134; Biglow v. Sanders, Id. 147; Burnham v. Butler, 31 N. Y. 480; Kasson v. Mills, 8 How. Prac. 377.   The errors of fact referred to in section 3063 of the Code of Civil Procedure do not include for review questions as to the weight of evidence.   Biglow v. Sanders, supra; Jourdan v. Healey (Com. Pl.) 19 N. Y. Supp. 240.   In that respect the provisions of such section are substantially the same as were those of section 366 of the Code of Procedure of 1849.

The request of the defendant to the plaintiff to do so was an employment of her to perform the services, and the only employment under which she performed them.   While it may be that a request made by one person to perform service beneficial only to another may not alone raise the presumption of his intention to pay for it, when it appears that the requested service has been performed pursuant to such request, he, in the absence of authority from or ratification by such other person, is charged as upon an implied promise to pay the person so employed.   Such was the relation of the defendant to the transaction.   He not having the benefit of authority or ratification of Post, the employment of the plaintiff must be deemed his; and, as Post declined to recognize the plaintiff's claim for the service, a promise on the part of the defendant to pay her was implied by his request.   The defendant says he thought the board of health would pay the plaintiff's bill.   He advised her how to present it to the board.   It was done.   The board of health refused to pay.   The plaintiff, with like effect, presented her bill to the village of Nyack.   It therefore seems that the original undertaking to pay the plaintiff for her services was that of the defendant, arising upon his implied promise, which was effectual up to the time of the receipt by her of his letter advising her to discontinue her service there.   In this letter he stated that, "if they [the Posts] do not pay you, I will see you get your money."   In the judgment of reversal is the further provision that the plaintiff recover $7.15 damages against the defendant.   The county court could only affirm or reverse the judgment of the justice.

The judgment of the county court should be modified by striking from it the recovery of damages, and, as so modified, affirmed.   All concur.

