JESSIE HEWITT, Appellant, v. THOMAS T. BALLARD, Respondent.

*A sheriff sued for conversion may rest on the execution without proof of the judgment — the County Court has power, on appeal, merely to affirm or reverse — where it grants new relief, the Appellate Division may modify the judgment by striking such new relief out.*

Where a sheriff is sued for the alleged conversion of personal property the burden is imposed upon the plaintiff to establish legal ownership thereof, when the sheriff puts in evidence an execution and proves a levy thereunder, although he does not put in evidence the judgment under which the execution was issued.

A County Court has power only to affirm or reverse the judgment of a Justice's Court, and where the judgment of a County Court, reversing a judgment in favor of the plaintiff, contains an unauthorized provision awarding damages to the defendant, which has no warrant either in the decision or in the evidence or in the proceedings appearing in the record on appeal, the Appellate Division has power, under section 1317 of the Code of Civil Procedure, providing that upon an appeal to it it may "reverse or affirm, wholly or partly, or may modify the judgment or order appealed from," to strike from the judgment the relief which it was beyond the power of the County Court to give.

FOLLETT and GREEN, JJ., dissented, on the ground that the error was that of the clerk and not of the court and should be corrected by motion in the County Court.

APPEAL by the plaintiff, Jessie Hewitt, from a judgment of the County Court of Jefferson county in favor of the defendant, entered in the office of the clerk of the county of Jefferson on the 2d day of October, 1896, upon an order of said court, reversing a judgment in favor of the plaintiff, rendered by a justice of the peace-

In the Justice's Court the complaint alleged : " That on or about August 14th, 1895, plaintiff was the owner and in possession of a field of growing corn of the value of $30. About said day at Antwerp, N. Y., defendant wrongfully entered on plaintiff's premises and took and converted said property to plaintiff's damage, $35.00."

The answer consisted of a general denial ; and further that the defendant was a deputy of the sheriff of the county of Jefferson, and further, " That on or about the 14th day of August, 1895, this defendant, as such deputy sheriff, duly sold a certain field of corn belonging to and owned by one Emery Hewitt, under an execution duly issued out of the Jefferson County Court, and directed and delivered to this defendant. That the taking and sale above set forth is the same taking and sale set forth in the plaintiff's complaint herein, and was and is as above set forth and not other or different."

*John C. Trolan*, for the appellant.

*C. A. Van Allen*, for the respondent.

HARDIN, P. J. :

Upon the reversal by the County Court of the judgment of the Justice's Court, the county judge prepared an opinion in which he stated, viz. : " The evidence shows, to my satisfaction, that at the time the levy was made the husband was the owner of the corn. He then held the legal title to the land and the corn had been produced by his labor, and while there is some evidence of a previous verbal agreement that she should have the land, there is no proof of any such performance upon the part of the verbal agreement as would operate to vest her with an equitable title to the property. It is true that the husband testified to the plaintiff's ownership of the corn, but this was a mere conclusion. The facts that he testified to did not establish any such ownership."

The levy was made on the 1st day of July, 1895. On the 9th day of July, 1895, the husband executed a deed of the three acres of land on which the corn was growing to his wife. Prior to that time she had no legal title to the corn in question.

Although the defendant failed to put in evidence the judgment on which the execution was issued, it was incumbent upon her to establish legal ownership of the corn at the time the levy was made.

## 468 HEWITT v. BALLARD.

The county judge correctly states that the evidence does not establish such fact. On the contrary, the evidence tends strongly to indicate that the title to the corn was in the husband at the time the levy was made. (*Rogers* v. *Ackerman*, 22 Barb. 134; *Burnham* v. *Butler*, 31 N. Y. 480.)

In the judgment entered in the County Court, of reversal, there was inserted a clause allowing the defendant to recover of the plaintiff "the sum of $30, together with the further sum of $39.81, costs, amounting in all to the sum of $69.81, and that the said appellant have execution therefor."

The county judge only had power to affirm or reverse the judgment. The award of a recovery of thirty dollars in favor of the defendant against the plaintiff has no warrant in the decision or in the evidence, or in the proceedings found in the record before us.

Since the above opinion was prepared it has been suggested that we ought not to modify the judgment of the County Court by striking out the award of thirty dollars damages to the defendant. The record does not disclose why that sum was inserted, whether it was inserted in the judgment prepared by the attorney for the defendant or by the clerk of the county. In either event there is no foundation for it in the record before us. The modification was suggested by the action of the second department in *Ludlum* v. *Couch* (42 N. Y. Supp. 370; S. C., 10 App. Div. 603), opinion by BRADLEY, J.

In *Gelston* v. *Codwise* (1 Johns. Ch. 189) it was held that "on appeal from this court the decree or order of the Court for the Correction of Errors becomes, to this court, the law of the case, and the party can have no other or further relief than what is administered by the decree of the court above." In the course of the opinion of the chancellor he observed: "It is the acknowledged doctrine of a court of review to give such decree as the court below ought to have given, and when the plaintiff below brings the appeal the court above not only reverses what is wrong, but decrees what is right, and models the relief according to its own view of the ends of justice and the exigencies of the case." It appeared in that case that the act organizing the Court for the Correction of Errors authorized that court on appeal "to reverse, affirm or alter the decree or order, and to make such other decree or order therein as equity and justice

shall require." The chancellor added : " The court above acts, therefore, on appeals in the given case, with all the plentitude of a court of equity of original jurisdiction, and the special terms of the decree, whatever they may be, become, to this court, the law of that case, and no other or further relief can be administered to the party."

In *Marshall* v. *Boyer* (23 N. Y. St. Repr. 302) a power given by section 1317 of the Code to reverse or affirm wholly or partly, or to modify, the judgment appealed from, was asserted, and it was said that when the appellate court affirms a judgment " it is to be presumed that it has examined and disposed of every question disclosed by the record, according to the right of the matter, and that no error has occurred of which the appellant can rightfully complain. Such a judgment is final, so far as this court is concerned, and without its permission no further action can be taken to change, alter or modify the judgment as it was affirmed. Otherwise, a cause would never be at rest, and there would be confusion and inconsistency in the judgments of the courts. * * * (4 Wait's Practice, 242.) " And BARKER, J., adds, finally, viz. : " The effect of the order appealed from was to change and modify the judgment of this court, which the Special Term had no power to do."

In *Hubbard* v. *Copcutt* (9 Abb. Pr. [N. S.] 289) it was held that : " The court at Special Term cannot modify in substance a judgment of the General Term, rendered upon a case presenting a verdict taken at Circuit subject to the opinion of the court at General Term." In speaking of such a judgment ALLEN, J., said : " It was a General Term judgment upon the case presented, and was not subject to modification or amendment by the court at Special Term, either upon the case as made, or upon additional evidence.".

In *Sheldon* v. *Williams* (52 Barb. 183) it was held, viz. : " After the court, at General Term, has, on a careful and deliberate review of a case, upon its merits, pronounced its judgment thereon, and made its award of costs, the rights of the parties are fixed, as to all the questions passed upon by the court, subject only to review by the Court of Appeals. In all other respects such judgment is final and conclusive."

In *Sheridan* v. *Andrews* (80 N. Y. 648) it was said : " In this case we are not able to find the power in the General Term to

vacate on motion the judgments of the Special and General Terms, after both have been affirmed by this court. * * * We will not say that in no case can judgments of Special Term and General Term, after affirmance by this court, be modified on motion in the court of original jurisdiction. We do not find facts here that give authority so to do. It is in effect vacating and setting aside a judgment of this court."

In the judgment appealed from, entered in the County Court, occur the following words : " It is hereby adjudged that the said judgment be and the same hereby is in all things wholly reversed, and that the said Thomas T. Ballard, appellant, recover of and from the said Jessie Hewitt, respondent, the sum of $30."

In the record presented to us there is no warrant for the insertion of that clause in the judgment, and we may well hesitate to affirm the judgment which contains the language just quoted.

Section 1317 of the Code provides that upon an appeal to this court, it "may reverse or affirm, wholly or partly, or may modify the judgment or order appealed from." Power to modify is, therefore, conferred by statute, and it seems orderly that that power should be exercised in respect to the judgment brought before us, which contains, as above stated, improper words and relief beyond the authority of the County Court to give, so far as the record discloses any foundation for its action. (*Schoonmaker* v. *Bonnie*, 16 Civ. Proc. Rep. 66, opinion of HAIGHT, J.)

In *Kenney* v. *Apgar* (93 N. Y. 539) an action to foreclose a mechanic's lien was brought before the court for consideration, and incidentally, in the course of the opinion of ANDREWS, J. (at p. 548), he says : " Where a judgment does not conform to the decision, the remedy of the party aggrieved is by application to the court to correct the judgment, and not by appeal." That remark was made in respect to the direction of sale " of the right, title and interest which the owner had in the premises February 12, 1879," and he followed it with the remark that, inasmuch as there had been no change of title " the point is wholly immaterial." Doubtless in that case a party might have appropriately sought relief by motion, if he was entitled to any relief. However, near the conclusion of the opinion in that case the learned judge observed : " We think the judgment should be modified by directing payment of the

several liens in the order of priority fixed by the judgment to the extent of $1,300 and interest thereon from May 1, 1879, to the time of the sale, after deducting therefrom the amount of Ryan's lien found to be outstanding   *   *   *   ." The conclusion reached in the court was that the judgment " as modified " was affirmed.

In *Decker* v. *Decker* (108 N. Y. 128), in an action in the nature of a creditor's bill, a question arose as to the award of a referee as to the liability of one of the defendants, and in dealing with it Judge Finch incidentally remarked : " The judgment entered did not, in terms, conform to such direction, but the remedy was by motion to correct and settle it and make it conform to the decision. No such motion was made, probably for the reason that the error was immaterial, since the amount fraudulently received by Hattie Decker, with the accrued interest, was greater than the deficiency to be recovered." It is difficult to discover in the language used in the case just referred to any declaration of want of power in the court to modify the judgment had the error been substantial.

In *Goodsell* v. *W. U. Tel. Co.* (109 N. Y. 151) section 1317 of the Code of Civil Procedure was commented upon, and it was said, viz. : " If, however, in such a case, there is error affecting only part of the judgment, and the record be in such condition that by a reversal in part, or by a modification thereof, the error can be eliminated and the judgment can thus be made right without a new trial, the Code confers power upon appellate courts to make the correction or modification."

In *Fischer* v. *Berthold Blank* (138 N. Y. 671) it was said : " And where the error does not consist of any prejudicial ruling during the course of the trial, but only appears in the conclusions of law which lead to an excessive recovery, it is the duty of the General Term to direct the correct judgment to be entered." And in that case the Court of Appeals held that whatever jurisdiction the Supreme Court possesses, the Court of Appeals may exercise on appeal from General Term decision, " and whatever order that court ought to have made this court may direct to be made."

Had a motion been made in the County Court to eliminate that part of the judgment which awards damages in favor of the defendant, prior to an appeal, doubtless the County Court would have had the power, and so far as the record discloses it would have been its

duty, to have stricken out the objectionable words. (*Petrie* v. *Trustees of Hamilton College*, 92 Hun, 81, and cases there cited.)

Inasmuch as section 1317 confers the power upon the court to modify the judgment brought up by appeal, there seems to be no impropriety in following the language of BRADLEY, J., in *Ludlum* v. *Couch* (*supra*), in which he says: "In the judgment of reversal is the further provision that the plaintiff recover $7.15 damage against the defendant. The County Court could only affirm or reverse the judgment of the justice. The judgment of the County Court should be modified by striking from it the recovery of damages, and, as so modified, affirmed."

The judgment of the County Court should be modified by striking therefrom the words "and that the said Thomas T. Ballard, appellant, recover of and from the said Jessie Hewitt, respondent, the sum of $30," and as so modified, affirmed, with costs.

All concurred, except FOLLETT and GREEN, JJ., dissenting.

ADAMS, J.:

The plaintiff comes into this court by an appeal from a judgment of the County Court of Jefferson county in virtue of the provisions of section 1340 of the Code of Civil Procedure. This section is contained in title 3 of chapter 12, and provides for appeals to the Supreme Court from an inferior court. Title 1 of the same chapter contains general provisions relating to all appeals specified in the chapter, and section 1317 of that title reads as follows, viz.: "Upon an appeal from a judgment or an order, the Appellate Division of the Supreme Court or General Term, to which the appeal is taken, may reverse or affirm, wholly or partly, or may modify the judgment or order appealed from, and each interlocutory judgment or intermediate order, which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties, and it may, if necessary or proper, grant a new trial or hearing　*　*　*."

It would seem, therefore, that the last-mentioned section furnishes the Appellate Division ample authority to modify the judgment of a County Court. This being the situation, no adequate reason is furnished why this court, with all the facts before it, should not grant such a judgment as the plaintiff is manifestly entitled to. (*Wood* v. *Baker*, 60 Hun, 337.)

It is true that the judgment, as entered by the clerk of Jefferson county, is not the judgment the defendant was authorized to enter by the decision of the County Court, and undoubtedly the better practice would have been for the plaintiff to have moved in the court below for the correction or modification of the judgment. But inasmuch as he has appealed to this court, and this court has the power to grant the relief to which he is entitled, I am in favor of a modification of the judgment appealed from in accordance with the opinion of HARDIN, P. J.

FOLLETT, J. (dissenting):

This action was begun August 19, 1895, in a Justice's Court in the town of Antwerp, to recover damages for corn growing on land alleged to be owned by the plaintiff. The defendant answered that he was a deputy of the sheriff of the county of Jefferson, and that he levied on and sold the growing corn by virtue of an execution issued out of the County Court. The defendant in the execution is the husband of the plaintiff in this action. On the trial the defendant proved that he levied and sold by virtue of an execution issued out of the County Court of the county of Jefferson, June 27, 1895, which recited that December 13, 1894, Enoch Holkins recovered a judgment against Emery Hewitt in a Justice's Court for thirty-three dollars and twenty-three cents, damages and costs; that a transcript thereof was filed and the judgment docketed January 30, 1895, in the office of the clerk of the county of Jefferson. On the trial the defendant did not prove the recovery of the judgment on which the execution was issued. The jury rendered a verdict in favor of the plaintiff for thirty dollars damages, and thereupon a judgment was entered by the justice for thirty-three dollars and ninety cents, damages and costs, from which the defendant appealed to the County Court, not demanding a new trial. The County Court reversed the judgment, with costs, and thereafter the county clerk entered a judgment reversing the judgment of the Justice's Court, with costs, and adjudging that the defendant recover of the plaintiff the sum of thirty dollars, the value of the growing corn. From this judgment the plaintiff has appealed to this court.

The evidence given on the trial in the Justice's Court was insuf-

ficient to justify the verdict rendered by the jury for thirty dollars damages in favor of the plaintiff. The learned county judge correctly held that the evidence showed the legal title to the land and the corn growing thereon to be in the execution debtor at the time execution was levied. Besides the above error, the evidence shows that the corn was bid in by the plaintiff's agent for three dollars and twenty-five cents, and in case she was entitled to recover the damages should have been limited to that sum. ( *Vedder* v. *Van Buren,* 14 Hun, 250.)

In an action against a sheriff for levying on property under an execution, valid or fair on its face, in which action he seeks to justify the levy by virtue of his process, he is not required to prove the judgment on which the execution was issued. The rule is for the protection of ministerial officers, who are required to execute processes valid on their face. If a sheriff is a plaintiff seeking to recover property levied upon, or if he takes property from the possession of one to whom the execution debtor has previously sold and delivered it, and seeks to show that the sale was fraudulent as against creditors, he must prove the judgment as well as the execution. An execution valid on its face is a shield, but not a sword in the hands of a sheriff. (*Earl* v. *Camp,* 16 Wend. 562; *Horton* v. *Hendershot,* 1 Hill, 118; *Hill* v. *Haynes,* 54 N. Y. 153; Throop Pub. Off. § 758; Free. Ex. § 101; 7 Am. & Eng. Ency. of Law, 126, note; 22 id. 529 *et seq.*) This proposition was correctly held by the County Court.

In case a creditor seeks to subject to the payment of his claim, chattels or realty transferred by the debtor to defraud the creditor, he may do so by a levy and sale under an execution, and then recover the chattels in replevin or the realty by ejectment; or, after he has exhausted his legal remedy by a judgment and an unsatisfied execution, he may maintain a suit in equity to set aside the transfer and so reach the property. When a creditor seeks to recover at law or in equity property fraudulently transferred, he must, as against the transferee, show that he has a judgment against the fraudulent transferrer; and so the rule grew up, that as between a sheriff and a transferee of an execution debtor of property transferred before levy, the sheriff claiming to subject the property to his execution must prove a judgment as well as an execution.

It was not asserted in the Justice's Court that the judgment or the execution was invalid or irregular. The sheriff might have proved the judgment, but he was not bound to do so, and the rule that the execution was a shield, without proving the judgment, should not be clouded by the suggestion that it was a neglect not to prove the judgment on which the execution was issued.

The county clerk wrote, signed and entered a decision in writing simply directing a reversal of the judgment of the Justice's Court, with costs to be taxed, upon which the clerk entered a judgment reversing the judgment, with thirty-nine dollars and eighty-one cents costs, and adjudging that the defendant recover of the plaintiff thirty dollars, the value of the property in dispute. This provision was not authorized by the decision filed, but the error of the clerk should have been corrected by a motion in the County Court; not by an appeal to this court. (Code Civ. Proc. §§ 1282, 1283; *Kenney* v. *Apgar*, 93 N. Y. 539; Baylies' N. T. & App. 6, 7; 2 Rumsey's Pr. 610.)

The appeal in this case is not from a judgment of the Supreme Court, of which this court is a branch — the Appellate Division thereof — but it is from an inferior and independent court — the County Court — and this court cannot review a question which was not before the County Court. This court may "reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from" (Code Civ. Proc. § 1317), and thus correct the errors of the court below; but the section does not authorize this court to correct an error of the clerk of an inferior independent court, made subsequently to the decision of such court.

*Ludlum* v. *Couch* (10 App. Div. 603) is not an authority for the position that this court may reverse or modify a judgment of the County Court for errors not committed by it, but which, by the illegal act of the clerk, have been brought into the record subsequently to the decision of the County Court. In that case the decision of the County Court was as follows: "Judgment of the justice reversed and judgment ordered in favor of the plaintiff for seven dollars and fifteen cents damages, with ten dollars costs of this appeal." The judgment entered by the clerk followed the decision of the County Court, and the error, being one committed by that court, was brought up by the appeal from the judgment.

That was not, like the case at bar, an error of the county clerk, but was an error of the County Court.

The judgment should be affirmed, with costs, but without prejudice to the right of the plaintiff to move in the County Court for an order striking out the provision in the judgment of that court, awarding damages against her.

GREEN, J., concurred.

Judgment modified by striking therefrom the words "and that the said Thomas T. Ballard, appellant, recover of and from the said Jessie Hewitt, respondent, the sum of $30," and, as so modified, affirmed, with costs.