Phoeba A. Heinrich, Respondent, *v.* Alvin H. Mack, Appellant.

(County Court, Oneida County, December, 1898.)

1. Summary proceedings to dispossess — Personal demand of rent sufficient.

Where the landlord demands of the tenant payment of the rent upon the premises and on the day when the rent becomes due, a proper basis is laid for summary proceedings to dispossess, although no three-day written alternative demand has been served on the tenant.

2. Same — Eviction — When a finding of a justice of the peace is conclusive.

Where the tenant claims an eviction because the landlord applied a portion of the demised premises to a certain use and the landlord testifies that the tenant consented to the use, a question of fact arises; and, if there is any evidence which supports a finding of a justice of the peace on this issue, the County Court cannot reverse, although the finding is against the weight of evidence.

This is an appeal from a final order in summary proceedings granted by F. A. Whittemore, a justice of the peace for the town of

County Court, Oneida County, December, 1898.      [Vol. 25.

Vienna, on the 15th day of August, 1898, dispossessing defendant of property known as the Sylvan Beach Hotel at Sylvan Beach, N. Y., for nonpayment of rent.

Senn & Durham, for appellant.

E. J. Brown, for respondent.

DUNMORE, J.  Defendant concedes that by the terms of the lease $350 of rent became due on the 1st day of August, 1898, and was not paid.    Defendant claims the proceedings are irregular because an alternative three-day notice was not served upon him by the 'landlord.    The landlord makes no claim that such notice was served, but she contends that she demanded the payment of the rent upon the premises from the defendant the day it became due, and the evidence will sustain a finding to that effect.    Such demand was sufficient to sustain the proceeding.    Code Civ. Proc., § 2231, subd. 2; Bristed v. Harrell, 20 Misc. Rep. 348; Tolman v. Heading, 11 App. Div. 264; People ex rel. Simon v. Gross, 50 Barb. 231.

Defendant also claims that the landlord refused to make certain repairs which by the terms of the lease she was required to make, and that he therefore made them and that he should have been allowed for disbursements so made by way of an offset upon the rent. This is true and the return shows that defendant was allowed by the justice the sum of $55.20.    The evidence was somewhat conflicting as to this part of the defense, and we cannot say that the finding of the justice was less favorable to the defendant than the evidence required.

Another ground upon which defendant resisted the proceeding was that he claimed he had been evicted of a portion of the leased premises.

The rule is well settled that when a landlord wrongfully evicts a tenant from the whole or any part of the demised premises, the rent subsequent to such eviction is suspended until the expiration of the lease or restoration to the tenant.    The right of the landlord either to recover such rent during such period or to eject the tenant for its nonpayment is also suspended.    Edgerton v. Page, 20 N. Y. 283; People ex rel. Murphy v. Gebney, 10 Hun, 151; Carter v. Byron, 49 id. 299; 1 N. Y. Supp. 905; Christopher v. Austin, 11 N. Y. 216; Hamilton v. Graybill, 19 Misc. Rep. 521; 43 N. Y. Supp. 1079.

The difficulty in applying that rule to this case is that Heinrich testified that defendant consented to the alleged use of the premises in question, and if defendant consented there was no eviction. Defendant denied such consent. The question therefore became a question of fact for the justice, and this court is concluded by his finding. This is true as to all the questions upon which the evidence was conflicting. Where the evidence before the justice is conflicting, the County Court has no power to reverse even though the finding is against the weight of evidence. Rogers v. Ackerman, 22 Barb. 134; Biglow v. Sanders, id. 147; Campion v. Parker, 78 Hun, 234; Ludlum v. Couch, 10 App. Div. 603; City of Brooklyn v. B. C. & N. R. R. Co., 11 App. Div. 168.

For the foregoing reasons the final order must be affirmed, with costs.

Order affirmed, with costs.