(61 App. Div. 40.)

MASON et al. v. WEST.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. AUTOMOBILE—HORSE—FRIGHT—DAMAGES—VERDICT—EVIDENCE.
    Plaintiffs' horse was frightened by defendant's automobile, and ran away, and the horse, harness, and wagon were injured. There was evidence that defendant's carriage gave forth a loud, puffing noise, and could be heard for two blocks; that the odor was pronounced; that steam or

smoke issued from the exhaust; that there was a humming sound from the engine; that teams had been frightened by it; that at the time of the accident it was running at the speed of 10 or 12 miles an hour, and did not slacken until the horse became frightened. *Held*, that a verdict for plaintiffs for the damages so sustained was justified by the evidence.

2. APPEAL AND ERROR—VERDICT IN JUSTICE COURT—WEIGHT OF EVIDENCE—REVERSAL.

Prior to the amendment of Code Civ. Proc. § 3063, by Laws 1900, c. 553, which provided that an appellate court might reverse a judgment of a justice for errors in law or fact, and, where the judgment was against the weight of evidence, might, on reversal, order a new trial, a county court could not reverse a judgment of a justice or municipal court as against the weight of evidence, if there was any disputed question of fact.

Adams, P. J., dissenting.

Appeal from Monroe county court.

Action by Charles H. Mason and another against Jonathan B. West. From a judgment of the county court reversing a judgment of the municipal court of the city of Rochester in favor of plaintiffs, plaintiffs appeal. Judgment of the county court reversed, and that of the municipal court affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

George D. Reed, for appellants.

J. B. M. Stephens, for respondent.

SPRING, J. This action was commenced in the municipal court of the city of Rochester, February 17, 1899, to recover damages to the horse, wagon, and harness of the plaintiffs caused by the alleged negligence of Jonathan West, the original defendant. The said West owned an automobile of somewhat crude and unusual construction, and propelled by steam generated by a gasoline burner. In October, 1898, Mr. West and his wife were riding in their vehicle for pleasure, and passed along Tracy Park, one of the streets in the city of Rochester. This street is about 15 feet in width from curb to curb. The plaintiffs were in the laundry business, and their employé in delivering packages of laundry stopped in front of his father's house in that street, and left the horse unattended, but held by an iron weight of 30 pounds, attached to the bridle by a strap. The horse became frightened at the approaching horseless carriage of Mr. West, and ran away, and the horse, wagon, and harness were injured, and a recovery was had in the municipal court therefor, which was reversed by the county court, as being against the weight of evidence. There was some evidence justifying the conclusion reached by the municipal court. The testimony of the plaintiffs tended to show that the carriage gave forth a loud, puffing noise, and could be heard for two blocks; that the odor was pronounced; that as the carriage ran along there was a humming sound from its engine; that steam or smoke issued from the exhaust, and that teams had been frightened by it; that at the time of this accident it was passing the plaintiffs' horse at the speed of 10 or 12 miles an hour, and did not slacken until the horse became frightened. The judgment of reversal in this case was rendered before the recent amend-

ment to section 3063 of the Code of Civil Procedure became a law,. which perhaps permits the appellate court to reverse a judgment. of the justice's court as against the weight of evidence. The authorities were then quite uniform in holding that it was not permissible for the county court to reverse a judgment of the justice as against the weight of evidence, if there was any disputed question of fact. Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370; Hommel v. Meserole, 18 App. Div. 106, 45 N. Y. Supp. 407; Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441; Tower v. Blessing,. 55 App. Div. 634, 67 N. Y. Supp. 124; Clark v. Daniels, 29 App. Div. 600, 51 N. Y. Supp. 177. This rule is applicable to the municipal court of Rochester. Code Civ. Proc. § 3226; Laws 1876,. c. 196, § 5.

That the use of the streets must become extended to meet the modern innovations of rapid locomotion is evident, and we do not mean to suggest that an automobile or any other of the present means of conveyance is an unlawful or improper user, but in this particular case that there was evidence to support the judgment of the municipal court.

The judgment of the county court is reversed, with costs and disbursements, and that of the municipal court affirmed, with costs. All concur, except ADAMS, P. J., who dissents, upon the ground that there is no evidence in the case of negligence on the part of the defendant.