### LOCKWOOD *v.* LOCKWOOD.

*(Supreme Court, General Term, Fifth Department. June 2, 1891.)*

APPEALS—JUSTICE'S COURT—TECHNICAL DEFECTS.

The judgment of a justice of the peace will not be reversed on account of the admission of incompetent evidence, when there is other evidence in the case to sustain his finding; Code Civil Proc. N. Y. § 3063, requiring an appellate court to render judgment upon an appeal from a justice's court without regard to technical errors or defects which do not affect the merits.

Appeal from Monroe county court.

Action by William H. Lockwood against Benjamin F. Lockwood. From a judgment for defendant, affirming a judgment of a justice of the peace, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*C. A. Shuart,* for appellant.    *John E. Robson,* for respondent.

MACOMBER, J.    The action was brought to recover the possession of a sorrel horse.    The defense was that, four years prior to the beginning of the action, the plaintiff gave this horse to the defendant, who took possession of it, and retained such possession, with the exception of about three months, when he was loaned by the defendant to the plaintiff for a special purpose. The case presented to the justice of the peace was clearly one of fact.    Evidence was adduced, consisting of the testimony of the plaintiff directly to the act of the gift, the taking of the gift, and the retention thereunder, and the testimony of others, including the plaintiff's wife, as to the declarations of the plaintiff that he had given the defendant, who is his son, not only an education, but a horse in addition thereto.    This evidence, including the admissions sworn to by the plaintiff's wife, is denied by the plaintiff.    But the justice of the peace, yielding to a preponderance of the evidence, held, as a matter of fact, with the defendant, and the county court concurs with him. It follows, therefore, that the judgment should be affirmed in this court, unless some error prejudicial to the plaintiff took place upon the trial.    The defendant was asked the question: "Is the sorrel horse referred to in this case your property?"    This was objected to, and the objection overruled, and the answer was, "Yes."    It is argued that, within the authority of *Nicolay* v. *Unger,* 80 N. Y. 54, this evidence was incompetent.    But where there is evidence, other than that which is inadmissible, fully to support the claim made by the defendant, as in this case, the county court should, as it in fact did, properly refuse to reverse the judgment on account of the improper evidence, under section 3063 of the Code of Civil Procedure, relating to appeals from justice's courts, where the appellate court is required to render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits.    *Earl* v. *Lefler,* 46 Hun, 9.    The evidence objected to may be eliminated from the case, and still there would be left sufficient to support the judgment appealed from.    It follows, therefore, that the judgment of the county court should be affirmed, with costs.