## JACKSON *v.* COLLINS.

*(Supreme Court, General Term, Third Department.* November 30, 1891.)

1. EVIDENCE—PUBLIC RECORDS—MINUTES OF TOWN BOARD.
   The minutes of the meeting of a town board, taken by the town-clerk, are not required by law to be filed in his office, and therefore, even though they are so filed, are not competent evidence, under the statute which makes legal evidence such papers as are duly filed in the office of the clerk. 2 Rev. St. (8th Ed.) p. 900, art. 2.

2. SAME.
   Minutes of a meeting of a town board, not held at the time or place prescribed by law for the auditing or allowing of claims, nor at a time or place to which a regular meeting had been adjourned, are inadmissible to establish a claim audited at such meeting.

3. REVIEW—HARMLESS ERROR—JUSTICE'S JUDGMENT.
   Under the provision that in reviewing the judgment of justices of the peace "the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits," (Code Civil Proc. § 3063,) where, in an action against a town supervisor for services rendered in assessing taxes, the minutes of a meeting of the town board were improperly admitted to show defendant's admission of his liability and his reimbursement by the town, such error is no ground for reversal if sufficient unobjectionable evidence to prove that fact remains.

Appeal from Montgomery county court.

Action by William H. Jackson against Stephen Collins. Defendant appeals from a judgment of the county court affirming a judgment of a justice's court in favor of plaintiff. Affirmed.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edward P. White,* for appellant. *A. B. Flansburgh,* for respondent.

MAYHAM, J. The complaint in this action contained two counts or alleged causes of action. The first count alleged that the plaintiff, at the request of the defendant, and for his benefit, performed and rendered services, the items of which were set out in the complaint. The second count or cause of action in the complaint alleged that the defendant received from the town of Amsterdam $33, in consideration of which he undertook, promised, and agreed to pay the plaintiff $46.50 for the work and labor mentioned in the first count in the complaint. The answer was a general denial, and also an allegation that the services rendered by the plaintiff, and for which he brings the action, were rendered for the town of Amsterdam, and upon the agreement that the

plaintiff's compensation therefor should be audited and determined by the state board of assessors, and the amount so audited should be in full for plaintiff's services, and that the plaintiff's bill for services were audited by such board at $66, and had been paid to the plaintiff in full. The plaintiff recovered a judgment in justice court, from which the defendant appealed to the county court, where the judgment was affirmed, and from the judgment of affirmance the defendant appeals to this court. The principal ground upon which a reversal is claimed is that the justice erred on the trial in the admission of improper evidence. The case shows that the defendant, Stephen Collins, was supervisor of the town of Amsterdam in 1887, and that he brought an appeal to the state board of assessors from the equalization of the board of supervisors of Montgomery county for that year, and that the plaintiff rendered services on that appeal in making estimates of valuations of property assessed in that county to be used on that appeal before the state board of equalization. On the part of the plaintiff it was insisted on the trial that the defendant personally agreed to make the plaintiff good for such services at the compensation of three dollars per day. On the part of the defendant it was insisted that the arrangement was that plaintiff should render his bill at the rate of three dollars per day, but that the bills were to be audited by the state board of assessors, and that the amount allowed by that board was to be the measure of the plaintiff's compensation. On this disputed point the plaintiff and defendant are, in their testimony on the trial, in direct conflict. The plaintiff rendered a bill to the board of assessors for $112.50, on which that board audited and allowed the sum of $66, which was paid to and received by the plaintiff. The plaintiff sought to recover in this action the balance of this bill, being the sum of $46.50. On the trial the plaintiff, after proving by one Lindsay that he was town-clerk of the town of Amsterdam, and that he had with him the original record of the town board, as to meetings when Collins appeared before them, offered the original records of November 17, 1878, and of December 31, 1888. This was objected to by the defendant "as incompetent, improper, not the best evidence, and that the town board had no jurisdiction to act at the times stated or at the place mentioned." This objection was sustained as to the meeting of December 31, 1888, and overruled as to the record of November 17, 1888, and that part of the record admitted, to which ruling the defendant duly excepted. The part admitted reads as follows: "Town of Amsterdam, November 17th, 1888. At a meeting of the town board held at the house of John C. Chalmers, the following were present: John S. Sweet, supervisor; John C. Chalmers, C. E. Collins, C. E. Truax, and Robert Stairs, justices; Edward C. Fowler, town clerk. Motion was made by Robert Stairs, and seconded by John C. Chalmers, that balance of Stephen Collins' bill—two hundred eleven dollars and forty-five cents—be paid in the case of the appeal. Carried. Motion made by C. E. Truax, and seconded by Robert Stairs, that the bill of P. J. Lewis be allowed at one hundred dollars in full to date, in the Murphy case. Carried. Motion made by C. E. Truax, and seconded by John C. Chalmers, that the bill of the Children's Home be allowed at sixty dollars. Carried. Motion made and carried that the bill of Seeley Conover be allowed at five dollars and seventy-three cents. Motion made by C. E. Truax, and seconded by Robert Stairs. that Stephen Collins be allowed four hundred and fifty-five dollars and fifty-five cents in addition to two hundred eleven dollars and forty-five cents, previously allowed, to pay all claims against the town in the case of the appeal of said town. Carried. Motion made by Robert Stairs, and seconded by John C. Chalmers, that the supervisor be authorized to issue an interest-bearing check for eight hundred thirty-two and 73-100 dollars, payable 1st Feb., 1890. Carried." "Cross-examination: I was not town-clerk at the time, and know nothing of the record personally." Edward Fowler, being duly sworn, says: "I was town-clerk of the town of Amsterdam in 1888. Was present at the meeting Nov. 17, 1888.

Collins appeared before the board. The meeting was called by supervisor. Q. State what was said by Collins to the auditing board in relation to cut bills of the appraisers. (Same objection as above, and further, that the board could not act on oral statements, but only on verified bills in writing. Objection overruled. Defendant excepts.) A. Collins said that his own bill had been cut, and that others employed by him as supervisor had been cut; and the board allowed him an amount to pay these claims. Supervisor Sweet gave him a check for $667. The check was paid. Cross-examination: The meeting of Nov. 17, 1888, was not held pursuant to any adjournment. The regular meeting was held at 'Hagaman's Mills.' When they got through, Nov. 9, 1888, they adjourned without day." After the receipt of this evidence, under the objection of the defendant, a motion was made to strike it out, which was denied, and the defendant excepted to such ruling of the justices.

We think the record or minutes of the proceedings of the town officers was not legally admissible as evidence. It was in no sense a record which the law required the town-clerk of the town to make; and is not, therefore, made evidence by statute. The powers and duties of town-clerks are prescribed by statute, and minutes and records kept by them are only competent evidence of matters and proceedings which they are bound by law to record or file; and any paper or record which they are not required by law to file or record does not, by reason of this filing or recording of the same, become legal evidence. It is only papers duly filed as required by law in the town-clerk's office that are made evidence by statute. See article 2, tit. 4, c. 11, pt. 2, Rev. St. (Banks' 8th Ed.) p. 900.

It is also urged by the defendant that the entire action of the town officers, of which the minutes of the clerk purport to be a record, was irregular, unauthorized, and void, and did not bind the town or the defendant, and the record of the proceeding was for that reason incompetent evidence, and should have been excluded under the defendant's objection. It appears upon the face of the clerk's minutes of the proceedings, and from the oral evidence offered and received in connection with such minutes, that the town board was not in session at the time or place prescribed by statute for examining and auditing or allowing accounts; nor was it at any time or place to which any regular meeting of that board had been adjourned. The powers of these town officers are purely statutory, and they have no power to act as a board, except in pursuance of some statutory provision. That being so, it follows as a necessary result that any act which they assume to perform was wholly unauthorized and void. In any respect in which we can view this evidence, we must conclude that it was incompetent, and that its admission was error. But it is urged by the learned counsel for the plaintiff that, if this evidence was incompetent, and its reception by the justice was erroneous, still there is enough unobjectionable common-law evidence, which was competent to uphold the judgment; and under the liberal rules which have obtained in reviewing on appeal judgments of justices of the peace, this judgment should be affirmed. It is quite apparent that the plaintiff's motive in introducing this alleged audit was to furnish a consideration for the alleged agreement on the part of the defendant to protect and keep the town from any further liability, and, had this action arisen between the town and the defendant, it would have been so directly upon the controversy that its probable injurious consequences could not safely be disregarded. But no such question arises in this case. The real question here is whether from the evidence of an objectionable character the jury were authorized to believe that the defendant employed the plaintiff to render such services, and became by virtue of that employment obligated to pay at the rate of three dollars per day for them. If he did, then the jury would be authorized to render a verdict in the plaintiff's favor for the balance which they found due him for his services, after deducting such payments as the plaintiff had received on account of such services. It

is objected that this could not be done under the pleadings, as a general verdict for the plaintiff would not disclose upon which theory of the plaintiff's complaint the verdict was rendered. But, whatever rule might obtain in courts of record upon a technical question of this character, it is quite clear that a different rule is authorized in reviewing judgments of justices' courts on appeal. Section 3063 of the Code of Civil Procedure provides as follows: "The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." In this case the testimony of the plaintiff as to the terms of the contracts, and the corroborating evidence of several witnesses, who testified to the defendant's admissions as to what his agreement with the plaintiff was, was sufficient, if believed by the jury, to uphold their verdict in favor of the plaintiff. In *Earl* v. *Lefler*, 46 Hun, 10, 11, where the court held that illegal evidence had in several instances been received under objection by the justice, this court held that the county court properly declined to reverse the judgment on account of the reception of such improper evidence, and laid down the rule that, where there is sufficient evidence of an unobjectionable character to uphold the judgment, the court will not reverse on the ground that improper evidence had been erroneously admitted by the justice. And the court in that case uses this language: "It has frequently been held that the admission in a justice court of incompetent testimony to establish a fact clearly proved by other testimony of a competent character is not such an error as requires the county court to reverse the judgment." Numerous cases might be cited to the same effect in support of this proposition. The undisputed evidence in this case is that the defendant asked to be reimbursed for liabilities which he had incurred, on his appeal to the state board of assessors, and his successor, as supervisor of the town, gave him a check for $667, which the case shows was paid. Whether that was sufficient to fully indemnify him we need not here inquire. The evidence justified the verdict of the jury in finding him liable on his promise made to the plaintiff, and we see no sufficient reason for interfering with the same or with judgment of the county court affirming the judgment of the justice, entered on such verdict. Judgment affirmed, with costs. All concur.