### DAVISON *v.* LUCKMAN.

*(Supreme Court, General Term, Fifth Department.    March, 1892.)*

APPEAL FROM JUSTICE'S COURT—HARMLESS ERRORS—AFFIRMANCE.

In an action in a justice's court to recover the amount of a loan alleged to have been induced by the fraudulent representations of defendant as to his worth, plaintiff and two witnesses testified that the loan was made, and that it was induced by the alleged representations. *Held* that, although the justice erred in admitting the testimony of plaintiff's attorney as to defendant's representations made to him as attorney for a mercantile agency, yet such error did not require the reversal of a judgment for plaintiff, since Code Civil Proc. § 3063, provides that, on appeal from a judgment of a justice's court, judgment shall be rendered "according to the justice of the case, without regard to technical errors or defects which do not affect the merits."

Appeal from Niagara county court.

Action by Robert Davison against Henry C. Luckman. From a judgment of the county court, reversing a judgment of a justice of the peace for plaintiff, the latter appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*George D. Judson,* for appellant. *S. E. Filkins,* for respondent.

LEWIS, J. This action was brought by the plaintiff against the defendant in a justice's court of Niagara county to recover $35 claimed to have been loaned by plaintiff to defendant. It resulted in a judgment for the plaintiff. The Niagara county court, upon an appeal, reversed the judgment of the justice because of the admission of improper evidence. The plaintiff claimed to have loaned the defendant, on or about the 1st of October, 1887, the sum of $35; that he was induced to make the loan because of representations made by the defendant that he was the owner of real and personal property of a considerable amount; and that the representations thus made were false and fraudulent. The defendant was a saloon keeper. On the day of the alleged loaning of the money the plaintiff had been drinking somewhat at defendant's saloon. The plaintiff testified that he had in his possession $60 in money, proceeds of the sale of some apples, and that, having exhibited his money at the saloon, the defendant requested him to loan him some money to pay a bill that he owed, and that, after considerable solicitation on the part of the defendant, he did loan him the sum mentioned; that the defendant neglected and refused to pay. The plaintiff produced three witnesses, including himself, who gave testimony tending to show the loan of money to the defendant. They all testified that the defendant made the alleged representations as to his financial condition. Two of the plaintiff's witnesses testified to admissions made by the defendant that he had borrowed money of the plaintiff on the occasion mentioned. The defendant testified that he did not borrow the money, and denied making the representations. He called two other witnesses, who testified that they were present on the day the money was claimed to have been loaned, and that they did not see the plaintiff loan him any money. And he gave further evidence tending to show that the plaintiff stated, the day after the alleged loan, that he did not know to whom he loaned the money. The defendant testified that he did not own, at the time mentioned, any real estate, and that he made a general assignment for the benefit of his creditors in December, 1888. The weight of evidence was quite clearly with the plaintiff as to the loaning of the money and the making of the representations. The judgment of the justice was reversed by the county court because of the admission of the evidence of plaintiff's attorney, George D. Judson, who testified that he was the correspondent of R. G. Dun & Co.'s Mercantile Agency, and that early in July, 1887, he called upon the defendant, and inquired of him as to his financial standing, and that the defendant stated that he was worth $10,000, consisting of the store and premises where he was then doing business, and in securities consisting of mortgages and notes. He further testified to like statements made by the defendant some two months after the alleged loaning of money by the plaintiff to the defendant.

The county court, we think, correctly held that this evidence was incompetent, and should not have been admitted; but whether its admission was of sufficient importance to justify a reversal of the justice's judgment is very doubtful. As we have seen, the plaintiff, by competent legal evidence, proved very satisfactorily the loaning of the money, and the untruthful representations of the defendant's financial condition. Three witnesses testified to the statements of the defendant as to his financial condition. Two of them were disinterested witnesses. The making of the declarations was denied by the defendant only. If the objectionable evidence be eliminated from the case, there is ample and sufficient evidence left to justify the judgment rendered by the

justice. Justices of the peace are, as a rule, uninformed as to the rules of evidence. In reviewing their judgments, liberal rules should be applied. If it appear to the appellate court that substantial justice has been done, their judgments should be sustained, notwithstanding immaterial or improper evidence may have been admitted, unless it is apparent that the incompetent evidence probably affected the result. In reviewing the judgments of justices' courts, "it is the duty of the appellate court to render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." Section 3063, Code Civil Proc.; *Lockwood* v. *Lockwood*, (Sup.) 14 N. Y. Supp. 831.

We think the learned county judge gave undue weight and importance to the testimony of Mr. Judson. It did not in any respect tend to strengthen the plaintiff's case as to the loaning of the money. If the defendant borrowed the money, there was ample competent evidence to prove beyond any reasonable doubt the making of the false representations, and that the loan was induced thereby. The judgment of the county court should be reversed, and the judgment of the justice affirmed, with costs against the respondent of the county court and of this court. All concur.