GEORGE MERRIS, Appellant, v. CHARLES HUNT, Respondent.

*Action for breach of warranty of a horse — evidence of the cost of the use of another horse, improperly admitted, does not justify a reversal.*

In an action brought to recover damages for a breach of warranty in the sale of a horse, the plaintiff recovered a judgment in the Justice's Court for thirty-eight dollars and seventy-five cents, which the County Court reversed on the ground that the evidence of the plaintiff as to the cost of the use of another horse to favor the one in question was improperly received on the question of damages. No claim was made by the plaintiff for any special damages of this character, nor was the objection taken that this evidence was not proper on the question of damages.

*Held*, that it was a fair inference from the whole case that such evidence was not offered or received on the question of damages, but by way of explanation of statements that had been drawn out on the defendant's cross-examination of the plaintiff, and that, in the light of the other evidence in the case, it was not of sufficient importance to call for a reversal.

APPEAL by the plaintiff, George Merris, from a judgment of the County Court of Onondaga county in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 31st day of December, 1892, reversing a judgment of a justice of the peace in favor of the plaintiff for thirty-eight dollars and seventy-five cents and costs.

*M. H. Kiley*, for the appellant.

*Waters, McLennan & Waters*, for the respondent.

MERWIN, J.:

The action in this case was to recover damages for breach of warranty in sale of a horse. The plaintiff recovered in the Justice's Court to the extent of thirty-eight dollars and seventy-five cents damages, but the County Court reversed the judgment upon the ground that evidence of the plaintiff himself as to the cost of the use of another horse to favor the one in question, was improperly received on the question of damages. No claim, however, was made by the plaintiff for any special damages of this character, nor was the objection taken that it was not proper on the question of damages. Both parties appeared by counsel, and it is quite clear that both sides understood what the correct rule of damages was.

From the whole case the fair inference is that this evidence was not offered or received on the question of damages, but by way of explanation of what had been drawn out by defendant's counsel in the cross-examination of the plaintiff. It may be for this purpose it was not strictly proper, but it was not of such importance as to call for a reversal, in the light of the other evidence in the case.

There was no doubt about the right of the plaintiff to recover some amount. The evidence of the defendant himself called for the recovery of damages to the extent of at least twenty-five dollars; and, as appears by the amended return, he does not seem to be willing to say that that amount will make the horse as good as warranted. One witness called by the defendant on the subject of damages, and apparently reliable, places the damages at forty-five dollars. The evidence on the part of plaintiff showed damages to the extent of fifty dollars. The finding of the justice that plaintiff sustained damages to the extent of thirty-eight dollars and seventy-five cents, is abundantly sustained by the evidence, and, as well said by the county judge, " seems to be eminently fair towards the defendant."

The counsel for defendant suggests that errors sufficient to call for a reversal were made by the justice in other rulings on the subject of value. We think not.

We think that substantial justice was done in the Justice's Court, and that no errors were made that were sufficient to call for a reversal. (Code, § 3063; *Davison* v. *Luckman,* 45 N. Y. St. Repr. 727; *Jackson* v. *Collins,* 41 id. 590; *Lockwood* v. *Lockwood,* 38 id. 601.)

HARDIN, P, J. concurred; PARKER, J., not sitting.

Judgment of the County Court reversed and that of the justice affirmed, with costs to the appellant.