ROSS, J.
The plaintiff sought to recover judgment for labor performed by himself and team, and also damages for a claimed *6 breach of contract relative to the cultivation by the defendant of corn and potatoes. The answer was a denial, and a counterclaim for the use of farm implements and for services rendered. The plaintiff offered evidence to support his claim, including the claim for damages arising from the claimed breach of contract. The defendant also offered evidence to support his counterclaim. The defendant offered, pursuant to the terms of section 2892 of the Code of Civil Procedure, a judgment of $12.50, with costs, which was not accepted. "Upon the cross-examination of the defendant the plaintiff offered a receipt in evidence (which is not returned herewith), which was objected to and received. The defendant offered, upon his redirect examination, to explain that the receipt related to other transactions than those litigated, which offer was presented in different forms, objected to, and excluded.- This is claimed by the appellant to be error. The justice rendered judgment for the plaintiff, damages, $12.50; thé costs prior to the offer, $1.35; in all, $13.85,—and against the plaintiff for $4.60, being the amount of costs which accrued subsequent to the offer.
It may be that the admission of the receipt in question was error. I cannot say, as the receipt is not made a part of the return. For the same reason, I cannot say whether the exclusion of the explanatory evidence was erroneous. It may be that the receipt shows upon its face that it had no bearing upon the matters litigated, and that the admission, or the refusal- to allow -an explanation, was harmless. It does not appear for what amount the receipt was given. It may have been 'a receipt for a trifling sum. In any event, this court is not to presume'that the receipt was for such a sum and.of such a nature as to prejudice the defendant. In its absence, the intendments are all the other way. To justify the reversal of the justice’s judgment, in the amount here involved, for the admission or exclusion of evidence, the error should be apparent.
The practice of the justice in rendering a judgment against a plaintiff for the amount of costs accruing after the offer, instead of deducting the same from the amount which he found to be due the plaintiff, seems to me to be subject to correction, although the language of section 2892, Code Oiv. Proc., relation to the offer of judgment, 'does not clearly specify the practice:
“If an acceptance is not filed, the offer cannot be given in evidence upon the trial; but if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, and must pay the defendant’s costs from that time.”
It certainly would seem that it was not intended to leave the defendant with a simple claim against the plaintiff for the costs which accrued subsequent to the offer. It certainly is the object of all litigation to, as nearly as possible by a judgment, determine the exact rights of the parties, and have the judgment as simple as possible; and, in a matter involving only a money obligation, when each litigant has a money judgment against the other seems to be far from a simple determination of their rights. Just what the rights of these judgment debtors might be, as against each other, in the case of the insolvency of one, does not clearly appear, *7 but it seems to me that the ends of justice will be furthered in this case by the entry of a single judgment. Section 3070 of the Code of Civil Procedure, to which I have been referred, does not apply to this case. "That section only applies upon appeal in this court. The judgment, as to $4.60, is reversed; as to the balance, $9.25, affirmed.
The question as to the form of the justice’s judgment, so far as I can ascertain, is new; but is objection was not urged by the appellant upon the argument, and for these reasons such modification should be without costs to either party. See Code Civ. Proc. § 3066, subd. 5.
I think this is a case within the spirit, at least, if not the letter, of section 3063 of the Code of Civil Procedure, in which “ the appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits.” Davison v. Luckman, 45 St. Rep. 729; Angell v. Hill, Id. 83; Merris v. Hunt, 71 Hun, 483; 53 St. Rep. 548.
Judgment in favor of defendant reversed, and judgment in favor of plaintiff modified and affirmed.