SAYLES v. KERR.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

LEASE—ASSIGNMENT OF THE LIABILITY OF ASSIGNEE.
    The assignee of a lease is liable to pay rent during the time he was in actual possession of the premises under the assignment, and it is im-

material that the lease provided that it should not be assigned without the consent of the lessor.

Appeal from judgment on report of referee.

Action by Henry L. Sayles against Leonard R. Kerr for rent. There was a judgment in favor of defendant, on the report of a referee, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

M. G. Holstein, for appellant.

Samuel G. Adams, for respondent.

RUMSEY, J.   The plaintiff occupied for a short time the Putnam House, in this city, which was owned by the defendant.   On the 2d of June, 1893, the plaintiff was put out by summary proceedings; and, at the time of his leaving, he left in the house, pursuant to an arrangement with the defendant, a considerable quantity of liquors and other property, and he brought this action for the purpose of recovering the purchase price thereof.   The defendant, among other defenses, sets up as a counterclaim that he was the owner of the Putnam House, and had leased it to Alonzo and Augustus W. Foster; and that about the 14th of April, 1893, the two Fosters, being then in possession of the premises, assigned the lease and their interest in it to the plaintiff, who entered under the assignment, and remained there until June 2, 1893; and that the plaintiff had failed to pay the rent of said premises for the month of May, which fell due on the 31st day of that month; and the defendant demanded judgment for the amount of his counterclaim.   The referee found the value of the goods which had been delivered, and that the defendant had not paid for them.   He found the fact of the lease as alleged in the answer; its assignment to the plaintiff; that the plaintiff remained there until the 2d of June; and that he did not pay the rent for the month of May, or any part thereof. And, as a conclusion of law, he found that the plaintiff was indebted to the defendant for the difference between the value of the property which the plaintiff had sold to the defendant and the amount of rent for the month, which was $1,033.29; and for that amount, with interest, he ordered judgment, which was accordingly entered, and from that judgment the plaintiff takes this appeal.

The single question presented is whether the plaintiff, who became the assignee of the lease of the premises of which the defendant was the lessor, was liable to pay the rent during the time for which he was in actual possession of the premises under the assignment.   That question must be answered in the affirmative.   The rule is well settled that the assignee of the lease, who enters under the assignment, becomes liable to pay the rent, and that liability arises by reason of the privity of the estate which is created because of his taking possession under the assignment.   Frank v. Railroad Co., 122 N. Y. 197, 25 N. E. 332; Dolph v. White, 12 N. Y. 296, 300. It seems that this lease contained a provision that the lessee should not assign or sublet without the consent of the lessor; and the

plaintiff insists that, that covenant being in the lease, no privity arose between himself and the landlord, because the landlord refused to recognize him as tenant, lest that should release the lessors. But that fact is of no importance. The liability to pay rent arose by operation of law, and from the fact of possession as assignee under the lease; and, as long as that existed, the liability to pay rent followed as a necessary incident. Blake v. Sanderson, 1 Gray, 332.

Judgment must be affirmed, with costs. All concur.