(19 App. Div. 446.)

NOBLE v. THAYER et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. WILL—CONSTRUCTION.

By the first clause of his will, testator gave to his wife the use of "all" his property for life. By the second clause he gave, "after the death of my beloved wife," certain of his land to his son, for life, remainder to his children. By the third and fourth clauses he gave, without any specific reference to his wife's life estate, certain lands to his two daughters, for life, remainder to their children. By the fifth clause, "after the death of my wife" he gave the residue of his property to his said three children.

After making the will, he leased to one of said daughters the land devised. to her, for the term of his own life and of his wife. *Held,* that the devises to the daughters did not take effect till after the death of testator's wife.

2. LEASE—DEATH OF LESSEE—LIABILITY FOR RENT.

A lessee's husband, having on her death taken possession, and for a time paid the rent, is an assignee of the lease in possession, and liable for the rent so long as he remains in possession.

Appeal from special term, St. Lawrence county.

Action by Fremont K. Noble against Newell Thayer and others. From a judgment dismissing complaint, with costs, plaintiff appeals. Reversed in part.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Joseph George, for appellant.
Conger & Orvis and Geo. W. Parker, for respondents.

PARKER, P. J. I cannot discover anything in the terms of the lease which gives the wife, Anna, any interest in the rent thereby reserved. If, however, she has succeeded to the lessor's title to the premises therein described, she is entitled to recover the rent accruing after his death. 12 Am. & Eng. Enc. Law, p. 732; Van Wicklen v. Paulson, 14 Barb. 654. The question, therefore, is whether she takes that title during her life, by virtue of the first clause of the lessor's will, or whether such premises, by the fourth clause thereof, are given to the lessee, Lucelia, and her children. By the first clause the use of "all" the testator's real estate is given to his wife, Anna, for and during her natural life. By the fourth clause "the use and occupancy" of 110 acres, specifically described,—and being the premises leased,— are given to his daughter Lucelia for her life, remainder over to her children. No provision or suggestion is made in this clause that such taking by Lucelia is to be subject to the wife's use of the same. Is this fourth clause, therefore, so repugnant to the first that the first must be deemed inapplicable to the particular lands in question? The rule of construction applicable to this case may be stated as follows:

"If possible, the court will reconcile two dispositions apparently inconsistent, and in so doing will endeavor not to disturb the first further than is absolutely necessary to give effect to the second. But, if they are absolutely irreconcilable, the posterior in local position is to be preferred." 29 Am. & Eng. Enc. Law, 363–369; Van Vechten v. Keator, 63 N. Y. 52.

If a specific parcel of land is by the first clause of a will given to A., and the same parcel is by a subsequent clause given to B., the gifts are so evidently inconsistent that both cannot stand. If the first is to be sustained at all, no effect whatever can be given to the second. In such a case the last clause would control. But, if by the first clause such parcel is given to A. for life only, then the subsequent devise of the same to B.—although no reference is made in it to the former devise, and no limitation whatever put upon its immediate enjoyment— can be given effect by construing it as a devise of the remainder only. See 1 Jarm. Wills, marg. p. 475; Norris v. Beyea, 13 N. Y. 283. A similar condition is presented by the case before us. The wife is given

the use for life of all the real estate, which, of course, includes the 110 acres in question. Subsequently those same acres are given to Lucelia and her children. Effect is easily given to both of those devises by holding that the latter gift was intended to take effect upon the termination of the first. Any other construction, however, must cut down the prior gift to the extent of these 110 acres, and violate the rules above quoted.

It is argued, however, that because in the second clause of the will the devise to his son is expressly declared to be subject to the wife's use for life, and that in the third and fourth clauses that provision is omitted, but is again taken up and so expressed in the fifth clause, an intention on the part of the testator is apparent to cut down the gift made by the first clause, and to except therefrom the two parcels of land devised by the third and fourth clauses; that the testator evidently intended to do differently by his daughters than he did by his son, otherwise he would have used the same language in the devise to each, and in express terms made the devise to Emma and Lucelia subject to their mother's use. The intention claimed from those facts is not sufficiently apparent to control the construction of this will in accordance with the rules above stated. It is not entirely certain that he did not intend the phrase, "after the death of my beloved wife, Anna," used in the second clause, to extend to and affect the gifts of the several parcels of his real estate separately devised by the other clauses. His general scheme seems to have been to give the use of all his property to his widow for her life. This he does by the first clause. Then he proceeded to partition his real estate among his children and their heirs, particularly specifying the parcel which he wished each to take. This he does by the second, third, and fourth clauses of the will; and if he had not numbered the third and fourth clauses, but had made the devises all under the second clause, the phrase at the beginning of it, above quoted, would very easily and naturally apply to each devise. He was dealing with real estate, the use of which he had already given to his wife, and naturally the partition thereof which he was then making among his three children he assumed would be taken by all of them subject to that use. Then, by a separate and last clause, he proceeded to dispose of the estate which he had not already disposed of, viz. the personal property after its use by the wife had ceased; and he would naturally again use the phrase, "after the death of my wife," in order to accurately designate the property to which he then referred.

There is another fact before us that should be considered in our effort to ascertain the intent of the testator in regard to this devise. About three months after he executed this will, he made a lease to his daughter Lucelia of the 110 acres devised to her by the fourth clause of his will. By that lease a rent of $166.60 per annum is reserved to himself, and the term of the lease is fixed for and during the term of his own life and of Anna, his wife. Having the disposition of the 110 acres which he had made by his will then in his mind, as he must have had, the fact that he prolonged the term of the letting after his own life, and during that of his wife, indicates that he did not then understand that by such will his daughter Lucelia was to enter

upon the use and enjoyment of it immediately upon his death. Why would he provide for her paying rent to any one after his death, if he had by his will provided that she should at once, upon the happening of that event, be entitled to the use thereof? The fact that he inserted the name of his wife in the lease, and so extended the term for paying rent during her life, indicates that he intended his daughter Lucelia should pay rent so long as his wife lived; and such fact, in connection with the provision of the will giving his wife the use of all his real estate, is a strong indication that he intended his wife to have the rent from such premises so long as she lived. For that reason the term of the letting was made to extend during the life of the wife; and the making of such a lease is inconsistent with the construction of his will for which the respondents contend. I conclude, therefore, that the wife, Anna, has succeeded to the reversion held by the testator in the leased premises, and that her assignee, this plaintiff, is therefore entitled to recover the rent reserved thereby and now owing thereon.

The question remains, who of these defendants are liable to pay the same? The lessee, Lucelia Thayer, died in 1884. The lessor died in 1893. This action is brought to recover for rent accruing since March 1, 1894. The husband, Newell Thayer, and the two children, heirs at law and next of kin of the lessee, Lucelia Thayer, are made defendants, and judgment for such rent is asked against them all. The interest of Lucelia Thayer in the premises under the lease was a chattel real, and, upon her death, passed to her personal representatives. Code, § 2712. It appears that she died intestate, and it does not appear that any administrator has ever been appointed for her estate. Upon her death, however, her husband took the possession which she had under such lease, and still holds the same; and he paid the rent to the lessor so long as he lived, and to the wife, Anna, for the amount due in 1894. Under such circumstances, he may be deemed an assignee of the lease in possession, and would be liable for the rent so long as he remained in possession. Frank v. Railroad Co., 122 N. Y. 197, 215, 25 N. E. 332. See, also, Pugsley v. Aikin, 11 N. Y. 494. As to the two children, however, although, on a final distribution of her estate, they would be entitled to a distributive share of the lease, or its value, they have never as yet assumed any relation to it which would make them liable for rent under it. They have never taken possession of the premises, nor enjoyed the use and benefits therefrom. All that has been appropriated by the husband, and he, first, is entitled to administer on the estate. There is no privity, either by contract or estate, which renders the daughters liable for the rent, and the complaint, as to them, was properly dismissed. As to Newell Thayer, however, the dismissal of the complaint was an error, and as to him the judgment must be reversed.

The judgment in favor of Newell Thayer reversed, and as to him a new trial granted; costs to abide the event. As to the defendants Luetta Crossman and Bertha Thayer, the judgment is affirmed, with costs. All concur.