### COATSWORTH v. RAY.

(Supreme Court, Special Term, Erie County. April 1, 1898.)

1. JUDGMENT—RENDITION—COSTS.
Under Code Civ. Proc. §§ 738, 2892, providing that, on plaintiff's failure to recover a more favorable judgment than defendant has offered, defendant shall be entitled to costs accruing after the offer, a single judgment should be entered for plaintiff for the amount recovered, less defendant's costs.

2. LEASES—HOLDING OVER.
Defendant, under a lease which provided for payment of taxes by lessee, remained in possession after the expiration of the term. She agreed to pay increased rental, but nothing was arranged as to other terms of the lease. *Held,* that defendant held over from year to year under the old lease, except as orally modified.

Appeal from municipal court of Buffalo.

Action by Reuben H. Coatsworth against Harriet Ray. Two judgments were entered, one for plaintiff for the amount of the verdict, and the other for defendant for costs. Plaintiff appeals from both. Reversed.

Mr. McCall, for appellant.
Carlton White, for respondent.

LAUGHLIN, J. The plaintiff brought this action in the municipal court of Buffalo to recover of the defendant a balance of $40 for rent of premises on Otto street, in the city of Buffalo, and $33.44 in addition thereto, being for a balance of taxes and assessments on said premises which the plaintiff claims the defendant should have paid.

The defendant duly offered judgment for $40, which plaintiff refused to accept.  The case was tried before a jury, and a verdict was rendered in favor of the plaintiff for the $40 item of rent and interest thereon only.   Thereupon two judgments were entered,—one in favor of plaintiff, for the amount of the verdict and costs which accrued before the offer of judgment; and another in favor of defendant, for the subsequent costs, aggregating $10.   Execution was forthwith issued against the plaintiff on the latter judgment, without the defendant's having paid the former.   The plaintiff has appealed to this court from both judgments.

There was no authority for entering the two judgments.   Such a practice, if tolerated, would often, if not always, prejudice the rights of the plaintiff.   He would, at the will of the defendant, become subject to the costs of the execution and a levy on his property for a small item of costs, while at the same time holding a meritorious judgment against the defendant, on which he could not realize, owing to the defendant's insolvency.   The record, after stating the amount of the verdict, should have contained a recital that the defendant, by reason of her offer of judgment, became entitled to recover costs, which amounted to the sum of $10; that such costs were offset against the verdict, and the plaintiff was awarded judgment for the balance, stating the amount thereof.   Johnson v. Farrell, 10 Abb. Prac. 384; Southard v. Becker, 15 Misc. Rep. 436, 37 N. Y. Supp. 927; Runnell v. Griffin, 8 Abb. Prac. 39; Dingee v. Shears, 29 Hun, 210; Warden v. Frost, 35 Hun, 141; Code Civ. Proc. §§ 2892, 738; Charter of City of Buffalo, § 458.   The judgment against the plaintiff must therefore be reversed.

The judgment in favor of the plaintiff was appealed from by him on the ground of its insufficiency.   On the 29th day of April, 1869, the plaintiff's father leased the premises in question to the defendant's husband for 20 years from September 6, 1872.   The lease was in writing, and provided that the lessee should pay $40 per annum and all taxes and assessments levied against the premises during such period.   The lessor died before the expiration of the lease, and the plaintiff succeeded to his interest.   In 1876 the lessee died, and the defendant succeeded to his interest under the lease, continued in possession, and paid the rent and taxes pursuant to the provisions thereof.   If the jury believe the evidence of the plaintiff, they should have found that, at the expiration of such leasehold term, there was an express understanding that the defendant should continue as a tenant from year to year under all of the terms of the written lease except that the rent should be increased to $60 per annum.   The only other evidence on this question was that of the defendant, who testified that nothing was said about the old lease or taxes or assessments, but that the plaintiff raised the rent to $60 per annum, and she, after protesting, agreed to it.   But she says she did tell the plaintiff that anything that was assessed to her she would pay.   She did remain in possession until August, 1897, and continued to pay the taxes and assessments as before, down to the year 1897.   The original lease provided that the lessee might remove the buildings erected by him.   The understanding of both parties that the de-

fendant was holding over under this lease is further shown by the fact that the defendant removed the buildings when she quit possession, which she would have had no right to do save for the written lease. Whether the jury believed the testimony of the plaintiff or that of the defendant, they should have found that the defendant held over from year to year, under all of the terms and conditions of the written lease, except as orally modified as to the amount of rent to be paid, and the plaintiff was entitled to recover for the taxes and assessments which it was conceded were levied during the last year. Clarke v. Howland, 85 N. Y. 204; Schuyler v. Smith, 51 N. Y. 309; Rector, etc., v. Higgins, 48 N. Y. 532; Noble v. Thayer, 19 App. Div. 446, 46 N. Y. Supp. 302; Sayles v. Kerr, 4 App. Div. 150, 38 N. Y. Supp. 880. It follows that the judgment in favor of the plaintiff must also be reversed.

One bill of costs is awarded to the plaintiff to cover both appeals. A new trial of the case is ordered in the municipal court, to take place at the opening of that court on the 5th day of April, 1898, or as soon thereafter as the case can be heard.