## CLARK v. DANIELS.

(Supreme Court, Appellate Division, Third Department,   May 4, 1898.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

   A verdict rendered in a justice court, supported by some evidence, should not be reversed by the county court, although it may draw a different conclusion from the facts.

. Appeal from Fulton county court.

Action by Nelson B. Clark against Lucius Daniels to recover damages against defendant for shooting plaintiff's dog.   The justice of the peace rendered a judgment in plaintiff's favor for $25 and costs.   The county court reversed such judgment, and from that judgment of reversal this appeal is brought.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Clarence W. Smith, for appellant.
Philip Keck, for respondent.

PARKER, P. J.   It appears from the opinion of the county judge that he reversed the justice's judgment for the reason that the evidence was not sufficient to warrant the conclusion by the jury that the defendant shot the dog.   The dog disappeared on November 19, 1896, about 4 o'clock in the afternoon.   About half past 4 o'clock on that day, two witnesses testify that they heard a dog snarling in a piece of woods known as "Moot's Woods," and but a short distance from where they were at work, and "then came the report of a gun," and smoke was seen arising at the place from whence the noise came, and immediately thereafter the defendant came out of the woods, with a gun in his hand, and followed by his dog, and went away in a westerly direction from them.   On November 26th the dog was found in the woods, and near the place where the gun was fired, lying dead, with a gunshot wound in its head.   The same witness who heard the shot was present when the dog was found.   The defendant, as a witness, denied the shooting, and testified that he was the whole of that afternoon at home, in the city of Johnstown.   He also swore several witnesses to the effect that they saw him in the city at the time of the alleged shooting.   In rebuttal, the plaintiff swore several witnesses who testified that they saw defendant with a gun and his dog on that afternoon in the locality of Moot's woods.   Here was a clear conflict of evidence on the question whether the defendant had established the alibi which he claimed. And if he failed in that, and was the person who was seen coming out of the woods after the firing of the gun, and at about the time when the dog was last seen, a jury would be justified in inferring that he was the person who had shot the dog.   The rule to be observed by a county court in reversing justices' judgments is stated in Burnham v. Butler, 31 N. Y. 431, as follows:

   "Where, on a trial in a justice's court there is evidence on both sides, and even where there is only slight evidence in support of the cause of action on which there is a recovery, the county court is not authorized to reverse the judgment, although such court may arrive at a conclusion, upon the facts of the case, or the weight of evidence, different from that drawn by the justice."

See, also, Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370; Norton v. Arvernam Co., 14 App. Div. 581, 584, 43 N. Y. Supp. 1099; Halsey v. Hart, 85 Hun, 46, 32 N. Y. Supp. 665.

Manifestly, in the case at bar the questions presented were essentially ones for the jury to determine, and our conclusion is that the county court was not justified in reversing its verdict. We do not find any errors in the record of proceedings before the justice which will warrant a reversal of his judgment. There was no error in receiving the amended complaint. The objection to it was withdrawn. Nor can the defendant assign as ground for reversing the judgment that it was not as large against him as the evidence warranted. An examination of the rulings made during the trial does not disclose any reasonable error, and hence we must conclude that the judgment of the county court was erroneous, and should be reversed.

Judgment of county court reversed, with costs, and that of the justice affirmed, with costs. All concur.