(26 Misc. Rep. 401.)

STEINFIELD et al. v. WILCOX.

(Supreme Court, Appellate Term. February 24, 1899.)

1. LEASE—WHAT CONSTITUTES.
    An instrument signed by W., and addressed to S., lessee of the C. Building, reciting: "I hereby agree to lease the office No. 412 C. Building, from * * *, for * * * one year, at an annual rent of $750 per year, with the proviso that the M. Company, the owners of the building, will ratify this lease, and that they will make the necessary repairs free of charge, and that they will change the office and railings to suit, and that they will tint the walls, and put a molding strip around the top,"—being accepted by S., and being ratified by the treasurer of the M. Company, who had charge of the building, and presumedly had authority to ratify,—will be held a lease; W. having thereafter expressed himself satisfied with the arrangements, and promised to inform S. next day how he wanted the walls tinted, though subsequently W. told S. he thought he would change his mind, and asked to be "let off."

2. SAME—PAROL EVIDENCE.
    Evidence that the agreement was that the rent should be paid monthly does vary a writing providing for "an annual rent of $750 per year."

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Sam Steinfield and others against Abner M. Wilcox to recover for six months' rent of an office, at $62.50 per month. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Whalen & Dunn, for appellant.

Friend, House & Grossman, for respondents.

FREEDMAN, P. J.  The whole question in this case seems to hinge upon the question whether a certain instrument in writing, signed by the defendant, taken in connection with the testimony in the case, was a lease, or simply an agreement for a lease.  The instrument introduced in evidence, and called "Plaintiffs' Exhibit No. 1," reads as follows:

"Jan. 21st, 1898.

"Mess. Steinfield Bros.—Messrs.:  I hereby agree to lease the office No. 412 Cable Building, from February 1st, 1898, for the term of one year, at an annual rent of $750 per year, with the proviso that the Metropolitan Street-Railway Co., the owners of the building, will ratify this lease, and that they will make the necessary repairs free of charge, and that they will change the office and railings to suit, and that they will tint the walls, and put a molding strip around the top.

"Yours, respectfully,                    Abner M. Wilcox.
"Accepted by."

Upon the trial in the court below, the defendant, although represented by counsel, who was present, introduced no testimony; evidently relying upon the weakness of his adversary's case to prevent the obtaining of a judgment, or reversing one, if obtained. The testimony of the plaintiffs and their witnesses must be taken as true, and if there is legal evidence sufficient to sustain the judgment, and no manifest injustice has been done the defendant, it must be sustained.  Lockwood v. Lockwood (Sup.) 14 N. Y. Supp. 831.

The plaintiffs were the lessees of the whole or a portion of the building.  What led up to the making of the instrument in question does not clearly appear, but on January 21, 1898, the defendant drew up the paper (Exhibit 1), signed it, and presented it to one of the plaintiffs, who thereupon accepted it in the name of his firm.  The parties then went to the office of the treasurer of the company who had charge of the building, and presumedly had authority to ratify the lease, obtained his assent and ratification thereto, and after that interview the testimony shows that the defendant expressed himself fully satisfied with the arrangements, and promised to inform the plaintiffs the next day how he wanted the walls tinted.  Subsequently the defendant was informed by letter from the plaintiffs (Exhibit 2) that the office would be ready for him in a few days.  After this the defendant went to the office of the plaintiffs, and had a conversation with them, in which he said "he thought he would change his mind," asked the plaintiffs "to let him off," and stated that he "wanted to be let of, because he liked the other place better."  We think the testimony fully warranted the trial court in holding that the instrument, when viewed in the light of the surrounding circumstances, as shown by the testimony, constituted a good and sufficient lease.  A proposition had been made by one party, and had been accepted by the other, and thus the minds of the parties had met. The result was a contract mutually binding upon the parties, within

the rule laid down in Pratt v. Railroad Co., 21 N. Y. 305. The intent of the parties must be determined from all the facts and circumstances of the case, as well as from the instrument itself. The plaintiffs proved, without objection, exception, or motion to strike out, that the agreement was that the rent should be paid monthly. That testimony did not, in view of all the circumstances of the case, in any way vary the terms of the written instrument, but simply explained its meaning. A considerable portion of the defendant's brief is devoted to matters that do not appear in the record, and therefore cannot be considered.

The judgment should be affirmed, with costs. All concur.

