(34 Misc. Rep. 708.)

DUNLOP v. JAMES.

(Supreme Court, Trial Term, New York County. May, 1901.)

SUBROGATION—ASSIGNMENT OF LEASE—LIABILITY OF ASSIGNEE.

A lessee holding property under a ground rent mortgaged the lease under which he was bound to pay ground rent and taxes. The mortgagee, to prevent the lessor from re-entering on failure of the lessee to perform the covenants as agreed, paid the ground rent and taxes. *Held,* that he thereby became subrogated to the rights of the lessor, and, without an assignment from him, could recover such payment of one in possession of the premises under an assignment of the lease executed by the lessee after the execution of the mortgage.

Action by Clark W. Dunlop against Frederick T. James to recover a certain sum paid as ground rent to prevent termination of lease. Verdict for plaintiff. Motion to set it aside denied.

Wells & Snedeker, for plaintiff.
John P. Everett and J. Van Vechten Olcott, for defendant.

BLANCHARD, J. This is an action brought by plaintiff, the owner of a mortgage on leasehold premises in the city of New York, to recover of defendant, the assignee of the lease and the tenant in possession of the premises, certain sums which plaintiff has paid to the owner of the ground, as ground rent and taxes, to preserve the lease and prevent its termination. The facts established at the trial are that a lease covering the premises No. 20 Warren street, in the city of New York, made by the Trinity Church Corporation to Peck, Stow & Wilcox Co., became vested by assignments in Marietta Wilsey, who mortgaged the same to the plaintiff herein, and thereupon assigned the lease, subject to the mortgage, to the defendant. The lease contained a covenant on the part of the lessee to pay rent and also taxes. It also contained a clause permitting the lessor to re-enter upon a breach of the covenants by the lessee. In order to avoid such a re-entry by the lessor, plaintiff paid the sums here sought to be recovered, which represent rent accrued and taxes confirmed while defendant was in possession of the premises.

Upon the trial I directed a verdict for plaintiff, which defendant moves to set aside. Upon consideration, I see no reason to interfere with the ruling made upon the trial. Privity of estate is well recognized as the foundation of a liability on the part of the assignee to the payment of rent while in possession of the demised premises. Hallahan v. Railroad Co., 102 N. Y. 197, 6 N. E. 287; Stewart v. Railroad Co., 102 N. Y. 601, 607, 8 N. E. 200; Dolph v. White, 12 N. Y. 296, 300; Sayles v. Kerr, 4 App. Div. 150, 38 N. Y. Supp. 880; Tate v. McCormick, 23 Hun, 218, 220. There existed, therefore, a liability on the part of the defendant to make the payments here in question. The plaintiff, having paid such sums to protect his interest in the property, is subrogated to the rights of the original lessor against the defendant (Koehler v. Hughes, 148 N. Y. 507, 511, 42 N. E. 1051; Platt v. Brick, 35 Hun, 121, 124; Alford v. Cobb, 28 Hun, 22), and can maintain an action for the recovery of sums paid, without an assignment from the lessor (McKeon v. Wendelken, 25 Misc. Rep. 712, 55 N. Y. Supp. 626).

The motion of defendant to set aside the verdict is therefore denied. Motion denied.