## DUNLOP v. JAMES.

(Supreme Court, Appellate Division, First Department.   March 7, 1902.)

1. LEASE—DEFAULT IN RENT—PAYMENT BY MORTGAGEE OF LEASEHOLD.
   A lease contained a covenant that the lessee and its assigns would pay the rents and taxes, and also provided for re-entry in case of default.   An assignee took the lease subject to the "rents, covenants, conditions, and provisions therein also mentioned," and also subject to a mortgage on the leasehold interest.   *Held* that, on the assignee's default in rent and taxes, the mortgagee could pay them to protect his interests.

2. SAME—SUBROGATION.
   The mortgagee would be subrogated to the lessor's rights against the assignee on making such payment.

Appeal from trial term.

Action by Clara W. Dunlop against Frederic T. James.   From a judgment for plaintiff, entered on a verdict directed by the court (see 70 N. Y. Supp. 1019), defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John T. Everett, for appellant.
O. J. Wells, for respondent.

McLAUGHLIN, J.   In April, 1890, the rector, church wardens, and vestrymen of Trinity Church leased, for the term of 21 years, certain real estate in the city of New York to Peck, Stow & Wilcox Co. The lease contained a covenant to the effect that the lessee and its assigns would pay the rent stipulated, and also the taxes assessed upon the premises, during the life of the lease, and also provided for a re-entry by the lessor in case of a failure to make these payments. By mesne assignments the lease was acquired by the defendant in this action, who took the same subject to the "rents, covenants, conditions, and provisions therein also mentioned," and also subject to a mortgage then held by the plaintiff upon the leasehold estate.   While the defendant was the owner of the leasehold estate, ground rent became due to the amount of $1,125, and taxes payable to the amount of $1,362.62, which sums, the defendant having neglected and refused to pay, notwithstanding he was requested to do so, were paid by this plaintiff to protect his interest in the estate, and thereupon he brought this action to recover from the defendant the amount paid.   At the close of the case the learned justice at trial term directed a verdict for the plaintiff for the amount claimed, and the defendant has appealed.

The judgment is right.   The defendant, as the owner of the leasehold estate, as well as under the covenants contained in the lease, which he expressly agreed to perform when he took his assignment, was obligated to pay the rent and taxes (People v. Loomis, 27 Hun, 328; Pardee v. Steward, 37 Hun, 259; Sayles v. Kerr, 4 App. Div. 150, 38 N. Y. Supp. 880); and, he having failed to perform that obligation, the plaintiff, in order that he might protect his interest in the estate, had the right to make such payments, and when he did he became, by operation of law, subrogated, to this extent, to

the rights of the lessor, and he could thereafter enforce his claim against the defendant in the same way and to the same extent that the lessor could had such payments not been made. This right the plaintiff had, not by reason of any contract relation with the defendant, but because of the fact that it was necessary for him to make good the default of the defendant, in order that his own property rights might be preserved.

The judgment, therefore, must be affirmed, with costs. All concur.