## SPEARS v. SORGE.

### (Steuben County Court. October 12, 1907.)

1. CONTRACTS—BREACH—FAILURE TO COMPLETE—RIGHT TO WITHHOLD PAYMENT.

   Where plaintiff, having contracted with defendant to construct a first-class walk, built a poor one, defendant could refuse to pay for it.

2. JUSTICES OF THE PEACE—APPEAL—ERROR.

   To justify reversing a justice's judgment, the error should be apparent.

3. SAME—CONCLUSIVENESS OF FINDING.

   A verdict in justice court on conflicting evidence will not be reversed.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, § 716.]

4. COSTS—OFFER OF JUDGMENT.

   Under Code Civ. Proc. § 2892, providing that if plaintiff rejects an offer of judgment, and fails to recover a more favorable judgment, he shall be liable for defendant's costs from the time of offer, a single judgment should be entered for plaintiff for the actual amount recovered, with costs to the time of offer, less defendant's costs after the offer.

5. SAME—JUSTICES OF THE PEACE—APPEAL.

   On appeal from a justice's judgment for plaintiff, including costs to date of defendant's offer of judgment, plaintiff having recovered less than the offer, and from a judgment for defendant for costs after the offer, defendant's judgment being reversed and plaintiff's judgment modified and affirmed, costs of appeal should not be allowed.

Appeal from Justice Court.

Action by Guy W. Spears against Elizabeth Sorge to recover for work, labor, and services in building a cement walk. The defendant having filed an offer of judgment for a specified amount, the plaintiff recovered less than the offer. Two judgments were entered by the justice—one for damages and costs to time of offer in favor of the plaintiff, and one in favor of the defendant for costs from time of offer. Plaintiff appeals. Judgment for defendant reversed, and for plaintiff modified, and, as modified, affirmed.

Harry L. Allen, for appellant.
Stevens & Stevens, for respondent.

BURRELL, J. It is undisputed that the contract under which this walk was built called for first-class materials and workmanship, and

the walk was to be first-class. The agreed price was 18 cents per square foot. It is also undisputed that when completed it was not first-class, was a poor walk, did not harden properly, and several weeks after completion was still soft and easily broken, and did not fulfill the agreement under which it was constructed; and the defendant refused to pay for the same. The plaintiff testified that he offered to put on a new top dressing, and was forbidden to do so by the defendant, which is denied by the defendant; and the weight of evidence on that point seems to be with the defendant. The evidence also shows conclusivly that the walk could not be made first-class even by a new top dressing, and the condition of this walk was in no way the fault of the defendant, who was paying per square foot for a first-class walk more than a first-class walk could be built for as shown by the evidence. The contract not having been fulfilled by the plaintiff on his part, the defendant was justified in refusing to pay for the same.

The appellant has called attention to errors committed on the trial. I have examined the evidence very carefully, and find none, either in the exclusion or admission of testimony, which require a reversal of the judgment. To justify the reversal of the justice's judgment, the error should be apparent. Southard v. Becker, 15 Misc. Rep. 436, 37 N. Y. Supp. 927; Merris v. Hunt, 71 Hun, 483, 24 N. Y. Supp. 976.

It is also urged on the part of the appellant that there is no evidence to sustain the judgment of $12; that it should have been for more, or nothing. Evidence was offered as to the value of the materials, the excavating and labor, and what it would cost to put on a new top dressing, etc.; also evidence that the walk was worth nothing, and that the real estate was worth less by reason of the walk as it was constructed. The evidence was conflicting, and on it the jury might well have found for the defendant; but, taking the whole evidence into consideration, they rendered a verdict in favor of the plaintiff for $12, and I see no good reason for disturbing their verdict. Where the evidence is conflicting, the appellate court cannot reverse the judgment. Clark v. Daniels, 29 App. Div. 600, 51 N. Y. Supp. 177; Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370; Burnham v. Butler, 31 N. Y. 481.

The justice rendered two judgments—one in favor of the plaintiff for $12 and $1.40 costs, being costs to date of offer, and one in favor of the defendant for $8.60, being the costs of defendant after the offer. He should have deducted the defendant's costs after offer from the judgment of the plaintiff, and entered only a single judgment. Code Civ. Proc. § 2892; Southard v. Becker, 15 Misc. Rep. 436, 37 N. Y. Supp. 927.

In that case the court well says:

"It certainly would seem that it was not intended to leave the defendant with a simple claim against the plaintiff for the costs which accrued subsequent to the offer. It certainly is the object of all litigation to as nearly as possible by a judgment determine the exact rights of the parties and have the judgment as simple as possible, and in a matter involving only a money obligation, when each litigant has a money judgment against the other, seems to be far from a simple determination of their rights. * * * It seems to me that the ends of justice will be furthered in this case by the entry of a single judgment."

There is also another reason why there should be but a single judgment, and that is that, should either party desire to appeal from the judgment, there would be no question in regard to the amount of costs required to be paid to perfect the appeal. Section 3047 of the Code of Civil Procedure requires the appellant to pay "the costs of the action included in the judgment," indicating but a single judgment to appeal from. It was urged by the respondent herein that the appellant had failed to perfect his appeal by not paying all of the costs. If the judgment had been properly entered, as indicated above, there would have been no uncertainty in that respect; and, the appellant having paid the $1.40 included in the judgment, the appeal was properly perfected.

I think the judgment against the plaintiff for $8.60 should be reversed, and the judgment against the defendant as to the balance, $4.80, should be affirmed; but, for the same reasons set forth in Southard v. Becker, supra, such modification should be without costs to either party. Also see Code Civ. Proc. § 3066, subd. 5, as to costs where the judgment is affirmed in part.

Judgment in favor of the defendant reversed, and judgment in favor of plaintiff modified, and, as so modified, affirmed, without costs. Ordered accordingly.