AMALGAMATED PROPERTIES, INC., Plaintiff, *v.* DOROTHY LUSHER, Sued Herein as " FANNIE " LUSHER, First Name Fictitious, True First Name Being Unknown to Plaintiff, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, June 30, 1937.

*Pomerance & Snitow,* for the plaintiff.

*Bangser & Kaufmann,* for the defendant.

GENUNG, J.   The plaintiff sues to recover $105 claimed to be due it from the defendant for use and occupation of apartment 6-A in premises 1230 Park avenue, borough of Manhattan, for the period from January 16, 1937, to and including March 1, 1937, at the agreed price and reasonable value of seventy dollars per month.

The answer is a general denial, and upon the trial the plaintiff's complaint was amended to add a second cause of action reading: " Action for rent of apartment 6-A in building and premises 1230 Park Avenue, Borough of Manhattan, City of New York, from January 16, 1937 through and including March 1, 1937 at the agreed rental of $70.00 per month.   Payment demanded and refused."

Upon the trial the facts were stipulated to be in substance as follows: That one, Sol N. Lusher, the husband of this defendant, signed a lease on June 26, 1936, for the premises involved in this suit for a term commencing October 1, 1936, and terminating September 30, 1937, at a rental of seventy dollars per month in advance for occupancy by Mr. Lusher and his family; that Mr. Lusher entered into the possession of this apartment pursuant to

this lease and continued in this occupancy with his wife, this defendant, until Sol N. Lusher died on January 15, 1937; that thereafter this defendant continued to occupy the premises in question for the entire period involved in this suit, to wit, from January 16, 1937, up to and including February 28, 1937; that no executor, administrator or other legal representative of Sol N. Lusher's estate has been appointed; that no rent has been paid to the plaintiff by the defendant or any other person for the rent or occupancy of the premises; and that the complaint is deemed amended so as to charge the defendant for rent as well as for use and occupation. A copy of the lease was made part of the stipulation.

Upon these undisputed facts the plaintiff seeks to establish a liability against this defendant, the widow of Sol N. Lusher, for the sum claimed in the summons.

The plaintiff claims that the facts, here conceded, create a presumption that this defendant became, in legal effect, the assignee of the husband's lease, and thereby rendered herself liable for rent or for use and occupation during the period she occupied the leasehold premises.

There is no question raised as to the correctness of the amount claimed or as to the value of the leased premises. The defendant concededly got the full value of the occupancy of the apartment in question, and apparently was the sole beneficiary of such occupancy.

She did not, nor did any other person, apply for letters of administration. She, nevertheless, and without such letters of administration, assumed possession of and enjoyed the benefit of the estate which her late husband had in the leased premises.

Meddling with her husband's estate in this fashion without taking out letters of administration makes her liable for the debts of the estate upon the presumption that she has, in that fashion, acquired assets belonging to the estate with which to pay the debts of the estate.

In *Lockwood* v. *Stockholm* (11 Paige, 87), a somewhat similar case, the court said (at p. 91): " If the husband intermeddles with the deceased wife's estate, without taking out letters of administration, the revised statutes make him liable for her debts, upon the presumption that he has assets belonging to her estate to pay them."

Another almost parallel case is the case of *Noble* v. *Thayer* (19 App. Div. 446), where the court used, in part, the following language: "It appears that she died intestate, and it does not appear that any administrator has ever been appointed for her estate. Upon her death, however, her husband took the possession which she had under such lease and still holds the same, and he paid the rent to the lessor so long as he lived, and to the wife Anna for the amount

due in 1894. Under such circumstances he may be deemed an assignee of the lease in possession, and would be liable for the rent as long as he remained in possession. (*Frank* v. *N. Y., L. E., etc., R. R. Co.,* 122 N. Y. 197, 215. See, also, *Pugsley* v. *Aikin,* 11 id. 494.) "

While in the instant case it is clear that the defendant did not pay any rent, she, nevertheless, had the full benefit of the plaintiff's property, knowing it did not belong to her, and under those circumstances she cannot be held to accept the benefit of the occupancy without at the same time assuming the burden of paying the reasonable rent therefor.

The defendant can also be held liable upon the theory urged by the plaintiff to the effect that she created herself substantially an assignee in possession.

In *Mann* v. *Munch Brewery* (225 N. Y. 189, at p. 193) Judge CRANE said: " Where a person other than the lessee is shown to be in possession of leasehold premises the law presumes that the lease has been assigned to him. It further presumes that the assignment was sufficient to transfer the term and to satisfy the Statute of Frauds. (*Frank* v. *N. Y., Lake Erie & Western Railroad Company,* 122 N. Y. 197.) " And at page 195, he said: " The covenant to pay rent runs with the land."

By reason of the fact that the defendant appropriated to herself and to her own uses the benefits of this lease and occupied the premises without applying for administration of her late husband's estate, she must have intended to bind herself personally for the value of the leased premises.

Judgment is awarded in favor of the plaintiff for $105, together with appropriate costs.